STRONG, RESPONDENT, *v.* BUTTE CENTRAL & BOSTON COPPER CORPORATION ET AL., APPELLANTS.

(No. 3,853.)

(Submitted January 25, 1918. Decided April 22, 1918.)

[172 Pac. 1033 ]

*Pleading and Practice — Issues — Judgment on Pleadings — Waiver—Entry of Default—Admissions—Estoppel.*

Pleading and Practice—Complaint—Money Demands—Judgment—Waiver.
1.   Where the only relief demanded by plaintiff is a judgment subjecting attached property to the satisfaction of his claims against defendants, and not a personal judgment against any of them, he waives all rights for further relief if the proceeds of the sale of the property fail to equal in amount the aggregate of his claims.

Same—Issues—Judgment on Pleadings—Proper Entry.
2.   A mining company whose property had been sold by a trustee in bankruptcy and the sale confirmed, subject to an attachment lien in favor of plaintiff, was not in position to complain of an order sustaining his motion for judgment on the pleadings where the judgment ran only against its property and not against anyone personally.

Same.
3.   Where defendant, whose demurrer to an amended complaint and motion to strike a supplemental one had been overruled, was given time within which to answer and did answer the supplemental complaint but failed to plead further to the amended one, which latter stated plaintiff's causes of action, an order for judgment on the pleadings was proper.

Same—Entry of Default—Judgment on Pleadings.
4.   The fact that default for failure to answer was never formally entered does not prevent the rendition of a valid judgment on the pleadings.

Same—Admissions—Failure to Deny—Estoppel.
> 5.   Defendant, as successor in interest of a purchaser of property at a bankruptcy sale subject to the satisfaction of an attachment lien, by failure to make denial admitted the amount claimed by the lienor, and was therefore estopped to question an order of sale to satisfy the lien.

*Appeal from District Court, Silver Bow County, in the Second Judicial District; Albert P. Stark, Judge of the Sixth District, Presiding.*

ACTION by L. Wilton Strong against the Butte Central & Boston Copper Corporation, Austin M. Pinkham et al.   Judgment for plaintiff and the above-named defendants appeal.   Affirmed.

*Messrs. Pinkham, Chittenden & West, Messrs. Kremer, Sanders & Kremer, Mr. William Wallace, Jr., Mr. John G. Brown,* and *Mr. J. B. Weir,* for Appellants, submitted an original and a supplemental brief; *Mr. J. Bruce Kremer* and *Mr. Austin M. Pinkham,* of Counsel, argued the cause orally.

*Messrs. Gunn, Rasch & Hall,* for Respondent, submitted a brief; *Mr. M. S. Gunn* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover on money demands aggregating $24,485.44, with interest.   The Butte Central & Boston Copper Corporation (hereinafter called the Butte Central), the Freeman I. Davison Company, Limited, the Tri-National Corporation, Limited, Samuel A. Hall, Freeman I. Davison and Robert G. McMeekin, were made defendants.   Certain property (hereinafter referred to as the Ophir claim) belonging to the Butte Central was attached at the instance of the plaintiff.   There was answer by the Butte Central and reply by plaintiff.   Thereafter the Butte Central was adjudged a bankrupt and the trustee in bankruptcy was substituted as defendant in its place.   The trustee's answer was substantially the same as that of the Butte Central, and to this answer reply was made.   On December 10, 1910, upon a showing that the trustee had completed the execu-

tion of his trust, he was dismissed from the action and the Butte Central again made a party defendant. Thereupon the plaintiff filed an amended complaint, in all essential respects the same as the original, and to this the Butte Central interposed a demurrer.

On October 11, 1913, plaintiff filed a supplemental complaint in which the bankruptcy proceedings are set forth at length. The only matters of consequence here are, that acting under an order of court, the trustee sold the property belonging to the bankrupt estate, including the Ophir claim, and that the sale was confirmed. Walter S. Tallant purchased the Ophir claim subject to certain liens and encumbrances not affected by the bankruptcy proceedings, including the attachment in this case, and thereafter Austin M. Pinkham succeeded to Tallant's interest, was made a party defendant in this action, and filed a general demurrer to the amended complaint and a motion to strike the supplemental complaint from the files. The demurrer and motion were overruled, and Pinkham and the Butte Central then filed an answer and afterwards an amended answer to the supplemental complaint in which they admit every fact pleaded, except the allegation that the Ophir claim was conveyed to the purchaser subject to the attachment lien in this action. With respect to that allegation it is alleged that the property so sold was conveyed "in accordance with the contract made for such purpose." It is further alleged in the amended answer that plaintiff's right to enforce the attachment lien is barred by the provisions of sections 5728 and 6446, Revised Codes; that the facts pleaded in the supplemental complaint constitute a departure from the cause of action stated in the amended complaint, and that to grant the prayer of the supplemental complaint would amount to a denial of due process of law.

There was a reply which amounts to a general denial, and upon the record as thus made up, plaintiff moved for a judgment authorizing the sale of the attached property to satisfy his claims. By an order general in terms, the court sustained the motion, and judgment was entered accordingly. The concluding paragraph of the judgment recites: "It is further ordered,

adjudged and decreed, that the plaintiff do not have or recover any other or further judgment in this action and that said cause be dismissed as to all of the defendants, except the said Butte Central & Boston Copper Corporation, and Austin M. Pinkham.'' From that judgment the Butte Central and Pinkham appealed.

It is to be borne in mind that plaintiff does not seek a personal [1] judgment against anyone, but only a judgment subjecting the attached property to the satisfaction of his claims. If the proceeds from the sale of this property fail to equal in amount the aggregate of his claims, he loses the balance, for he has waived all right to any further relief.

When the motion for judgment on the pleadings was submitted, the trial court had before it but a single inquiry: Are there any material issues for trial? And in reviewing the judgment, we must determine the same question.

(a) Do the pleadings present a material issue as between [2] plaintiff and the Butte Central? The judgment runs only against the Ophir claim, and all the right, title and interest of the Butte Central in that property had been sold by the trustee in bankruptcy. The judgment, therefore, cannot affect any interest of that defendant, and it cannot complain.

(b) Is there any issue raised as between plaintiff and defendant Pinkham?

Plaintiff's several causes of action are stated in his amended [3] complaint. The supplemental complaint alleges only facts material to the causes of action stated, and which occurred after the commencement of the action, *viz.*, the proceedings in bankruptcy by which the Butte Central was divested of all interest in the attached property and Pinkham succeeded to an interest in that property subject to plaintiff's attachment lien. When Pinkham's demurrer to the amended complaint and his motion to strike the supplemental complaint were overruled, he was given twenty days within which to answer, and he answered the supplemental complaint but failed to plead further to the amended complaint. The trial court had the right to indulge

the presumption that he had raised or attempted to raise every question which he desired to have passed upon. His failure to deny any of the allegations which state plaintiff's cause of action must be taken as a confession on his part that the claims asserted by plaintiff are just and cannot be successfully contro-
[4] verted. The fact that Pinkham's default for failure to answer the amended complaint was never formally entered, is of no consequence. (*Herman* v. *Santee,* 103 Cal. 519, 42 Am. St. Rep. 145, 37 Pac. 509.) Strictly speaking, he was not in default, for he had responded to the trial court's order and had presented such an answer as he saw fit to make.

The allegations of the supplemental complaint which disclose [5] the proceedings in bankruptcy are admitted specifically, and from those proceedings it appears that the Ophir claim was offered for sale subject to plaintiff's attachment lien; that Tallant bid for the property subject to that lien; that his bid was accepted and the sale to him confirmed by the court; so that the answer amounts to nothing more than an admission that Pinkham's interest in the property is subject to the satisfaction of that lien, whatever the amount of it may be, and since he admits the amount as claimed in the amended complaint, he cannot be injured by a sale of the property to satisfy the judgment for that amount.

There is not any merit in any of the so-called affirmative defenses. There was not any issue for trial, and the order for judgment on the pleadings followed as of course.

If the motion had been heard and determined upon the theory that the allegations of the amended complaint were in issue, the judgment could not be justified and respondent could not urge a different theory in this court (*Dempster* v. *Oregon Short Line R. Co.,* 37 Mont. 335, 96 Pac. 717), but there is not a suggestion in the record that any such theory was urged upon or adopted by the court.

The motion for judgment searched the entire record as made and the order sustaining it has but one meaning, namely, that in the judgment of the trial court there was not presented for

trial any material issue. From the correctness of that conclusion there is no escape.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

Rehearing denied May 16, 1918.