MARY E. McGREGOR, Plaintiff and Respondent, v. R. E. SVARE, Defendant and Appellant.

No. 11471.
Submitted Sept. 11, 1968. Decided Oct. 2, 1968.
445 P.2d 571.

Aronow, Anderson & Beatty, Cedor B. Aronow (argued), Richard L. Beatty (argued), Shelby, for appellant.

Jardine, Stephenson, Blewett & Weaver, John D. Stephenson (argued), Great Falls, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal by defendant from an order denying his motion for change of venue. The action, brought in Cascade County, is to recover the unpaid purchase price plus interest together with plaintiff's costs on a written contract. Defendant's motion was for a transfer of the action to Toole County upon the grounds that defendant resided in Toole County, and that Toole County is the county in which the contract was to be performed.

The complaint sets forth that plaintiff and defendant entered into a written contract in Great Falls, Cascade County, under the terms of which defendant agreed to make certain payments to plaintiff at the First National Bank of Great Falls. That further, an escrow was established at the bank in Great Falls, and that defendant failed to make payments as agreed.

The subject matter of the alleged contract was working interest in three oil and gas leases located within Toole County. The payment was to be made in accordance with the following contract provision:

"All such payments shall be made by Purchaser at the office of the First National Bank of Great Falls, Great Falls, Montana."

The contract contained a default clause which provided that in the event of default continuing unremedied for the required thirty day period, the plaintiff could "elect to declare the whole amount of principal and interest * * * then unpaid to be immediately due and payable." The complaint alleges that plaintiff made such an election and made demand on defendant for payment. The default section also provides that plaintiff (vendor) could foreclose upon the property or cancel the contract and retake possession of the property, or that: "Vendor may, at her option, pursue any other remedy available to her under the laws of the State of Montana."

In addition to the payment clause of the pleaded contract, defendant was required to (1) operate the leases, (2) take all steps to keep the leases in full force and effect, (3) perform each and all covenants, terms and conditions expressly contained in each of the leases or assignments thereof, (4) perform all implied covenants and obligations under the leases, and (5) continuously operate in a good and workmanlike manner in accordance with the best field practice each and all existing wells or wells which might be drilled in the future.

Defendant was required by the contract to keep records of all operations of the leases and make them available to plaintiff, pay all net proceeds and production taxes, and all county taxes imposed, keep the property free from any liens and encumbrances, and at his expense to keep all equipment and producing wells located on the leases in a good state of repair and in good working condition.

The sole question in this appeal is whether Cascade County is the proper county for the trial of this action under sections 93-2904 and 93-2906, R.C.M.1947.

The general rule governing venue in civil actions is that the action shall be tried in the county in which the defendant resides at the commencement of the action. Section 93-2904, R.C.M.1947, provides:

"In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action * * * Actions upon contracts may be tried in the county in which the contract was to be performed * * *."

■■ The second sentence of section 93-2904, R.C.M.1947, states that actions upon contracts may be tried in the county in which the contract was to be performed so that in effect the plaintiff has a choice of two counties in which to sue if the contract is to be performed in a county other than the defendant's residence. It has been held that this sentence is an exception to the general venue provision and is permissive in nature. In Love v. Mon-O-Co Oil Corp., 133 Mont. 56, 319 P.2d 1056 (1958), this Court affirmed the rule laid down in Hardenburgh v. Hardenburgh, 115 Mont. 469, 146 P.2d 151 (1944), and held that:

■■ "This performance exception, however, applies only to such actions as are based upon contracts which plainly show, either (a) by their express terms or (b) by necesseary implication therefrom, that the contracting parties, at the time of contracting, did mutually agree upon a particular county

other than that of defendant's residence wherein they intended that their contract was to be performed."

It is clear that plaintiff must come under the "performance exception" of section 93-2904, R.C.M.1947, in order to bring his action in Cascade County. The Hardenburgh case, at p. 477, 146 P.2d at p. 154, laid down several principles in determining this question and held:

"To bring a contract within the operation of statutes of the character under consideration the obligation to perform in a particular county *must be plainly present either under the express terms of the contract or by necessary implication therefrom* and venue cannot be conferred on a doubtful construction of the contract. \* \* ' To maintain suit in another county than that of defendant's residence plaintiff *must clearly show the facts relied on to bring the case within one of the exceptions to the rule and the contract must state so clearly that it is to be performed in another county than that of defendant's residence that no other fair construction can be placed upon it.* \* \* \* Statutory provisions creating exceptions to the general rule recognizing a defendant's privilege to be sued in his own county will not be given a strained or doubtful construction. \* \* \* Agreement must be clear. A mere direction by the seller as to the place of payment is not sufficient, nor can a promise to remit to cover the purchase price be sued upon by the seller in the county of the point to which the remittance is to be made."

The contract in the present case in specific, explicit terms required defendant to perform by payment in Cascade County. Defendant argues that under the contract here in question defendant had other obligations in addition to the obligation to pay money to the plaintiff in Cascade County, and those obligations had to be performed in Toole County. However, as far as this action in concerned, the only obligation of defendant here involved is the obligation to make delivery of money in Cascade County and such performance

by him will constitute full performance. By the written contract plaintiff had an election of remedies and her choice calls for performance by payment in Cascade County. If plaintiff had chosen to foreclose her contract as a mortgage or to cancel the contract and retake possession then Toole County would have been the proper county for this action. Plaintiff was interested only in payment of the purchase price and the obligations of defendant which necessarily required performance in Toole County were collateral. These obligations appear to be placed in the contract to protect the plaintiff until she received the unpaid purchase price and are not unlike provisions found in a mortgage to protect the mortgagee.

Plaintiff had the choice of having her action tried in the county of defendant's residence or in the county where the contract was to be performed. Since the plaintiff elected a remedy expressly provided by the contract for the payment of the purchase price which constituted full performance, and the judge of the district court properly denied defendant's motion for change of the place of trial of Toole County, the judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL, ADAIR and JOHN C. HARRISON, concur.