CORMIER BROS., INC., PLAINTIFF AND APPELLANT, *v.* H. W. WILLCUTT, DEFENDANT AND RESPONDENT.

No. 11725.
Submitted December 10, 1969.
Decided December 15, 1969.
462 P.2d 889.

Wiggenhorn, Hutton, Schiltz & Sheehy, John C. Sheehy, argued, Billings, for appellant.

Hibbs, Sweeney & Colberg, Horton B. Koessler, argued, Billings, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by the plaintiff, Cormier Bros., Inc., from an order of the lower court granting defendant's motion for change of place of trial from Yellowstone County to Big Horn County.

The action was commenced by plaintiff in Yellowstone County, on April 5, 1965 on an account for grazing rentals on lands

owned or controlled by plaintiff. Defendant was served with the complaint in Big Horn County on April 7, 1965. On April 28, 1965 defendant filed a motion to dismiss and a demand that the place of trial be changed to Big Horn County. Defendant's counsel submitted a sworn affidavit setting forth the fact that defendant is a resident of Big Horn County and that he was served there. From this he argued that the trial should take place in Big Horn County. Plaintiff subsequently on May 3, 1965 objected to change of venue on two grounds: (1) the motion was not timely made and, (2) the contract upon which the complaint was based was to be performed in Yellowstone County. The motion for change of venue was submitted to the court on briefs and affidavits of counsel and on May 20, 1965 the court issued its order changing venue to Big Horn County.

Plaintiff does not raise the issue of timeliness in filing the motion for change of venue on this appeal, but submits this issue for our determination: Did the lower court err in granting the motion for change of venue where the action is predicated upon a contract to be performed in the county where the action was brought.

Section 93-2904, R.C.M.1947, provides in part as follows:

"In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or where the plaintiff resides, and the defendants, or any of them, may be found; * * *. Action upon contracts may be tried in the county in which the contract was to be performed * * *; subject, however, to the power of the court to change the place of trial as provided in this code."

Defendant claims that the above quoted statute requires that because he is a resident of Big Horn County, the present action should be tried there. Plaintiff on the other hand argues that the general rule that actions be tried in the county of defendant's residence is varied where there is a contract involved which expressly or by necessary implication sets out the county

in which it is to be performed. If there is such an expression in the contract then the county of performance is the correct place of venue. We agree with the plaintiff in this matter.

This statute, section 93-2904, R.C.M.1947, has had a rather stormy career in this Court but it was thought that it had finally been explained very clearly. In the case of Love v. Mon-O-Co Oil Corp., 133 Mont. 56, at p. 61, 319 P.2d 1056, at p. 1059, we said:

"In order to give full effect to the mutual intention of parties, the legislature has enacted, as a permissive exception to the general venue rule declared in the first sentence of section 93-2904 an additional provision, appearing in the second sentence of the section, designating the county wherein, at the time of contracting, the parties had agreed their contract was to be performed as a proper county for the trial of an action based thereon. This performance exception, however, applies only to such actions as are based upon contracts which plainly show, either (a) by their express terms, or (b) by necessary implication therefrom, that the contracting parties, at the time of contracting, did mutually agree upon a particular county, other than that of defendant's residence, wherein they intended that their contract was to be performed."

In the instant case plaintiff's affidavit sets out the pertinent aspects of the contract and its place of performance. The grazing lands are in Yellowstone County. The payments by defendant to plaintiff were made in Yellowstone County. The contract was entered into in Yellowstone County. The only facts which defendant's affidavit sets out are that defendant is a resident of Big Horn County and that he was served with process in that county. Taking the affidavits as true, which we are bound to do under our ruling in Fraser v. Clark, 128 Mont. 160, 273 P.2d 105, it appears from the contract itself that by necessary implication, at the time the parties contracted, they understood that the contract was to be performed in Yellowstone County. We further stated in the Love case, supra, "* * *

the statute means that either the county of defendant's residence, or the county where the contract was to be performed, is the proper county for the trial of the action, and if the plaintiff choose either of those counties, defendant may not have it removed, except as stated in the last part of said section 93-2904, it is still subject to the power of the court to change the place of trial as provided by subdivisions 2, 3 and 4 of section 93-2906, R.C.M.1947." There appears no reason why section 93-2906, R.C.M.1947, should be applied in this case and therefore the lower court erred in granting defendant's motion to change venue.

Defendant calls attention to the fact that the instant contract was an oral one. This would appear to make no difference in our ruling here.

The order of the lower court is reversed and the cause is ordered remanded to Yellowstone County.

MR. JUSTICES CASTLES, JOHN C. HARRISON, and HASWELL, and the HONORABLE LeROY L. McKINNON, District Judge, sitting in place of MR. JUSTICE BONNER, concur.