HAL W. BICK, d/b/a HAL W. BICK IRRIGATION SYS-
TEMS, Plaintiff and Appellant, v. LYNN HAIDLE, BILL
HAIDLE and IRVIN HAIDLE, Defendants and Respond-
ents.

No. 11866.
Submitted Jan. 12, 1971.
Decided Feb. 1, 1971.
Rehearing Denied March 1, 1971.
480 P.2d 818.

Longan & Holmstrom and Richard F. Cebull, Richard F. Cebull, argued, and Franklin S. Longan, appeared, Billings, for plaintiff-appellant.

Jones, Olsen & Christensen and Donald Herndon, Donald R. Herndon, argued, Billings, for defendants-respondents.

MR. JUSTICE HASWELL delivered the opinion of the court.

In a contract action to recover money allegedly due plaintiff from defendants, the district court of Yellowstone County granted defendants' motion for change of venue to the county of defendants' residence. From this order plaintiff appeals.

Plaintiff and appellant is Hal W. Bick, doing business as Bick Irrigation Systems, whose principal place of business is Billings, Yellowstone County, Montana. Defendants and respondents are Lynn Haidle, Bill Haidle and Irvin Haidle, lifelong residents of Prairie County, Montana, who operate a family farm there.

On June 7, 1968, plaintiff and defendants entered into a written contract whereby plaintiff agreed to furnish and install a valley irrigation system for defendants on their farm in Prairie County, Montana, at the agreed price of $104,498.00. In addition to specifications for the components of the irrigation system and an installment payment schedule of the agreed price, the written contract contained this provision: "Payment of all sums are to be made at Billings, Montana, in cash United States currency."

Subsequently, according to the complaint, the parties mutually modified the contract by substituting pipe of a different size than specified in the original contract for which defendants agreed to pay plaintiff the further sum of $5,655.60. Addition-

ally, the complaint alleges expenditure of $2,367.50 by plaintiff to obtain rights-of-way and to provide a railway crossing for a pipeline as agreed in the contract.

The complaint goes on to allege that plaintiff furnished defendants, at their specified request, additional equipment and labor not covered by the contract. Recovery of the reasonable value or cost of these items is sought on the basis of an implied contract, no agreed price being claimed. These items include two 4,400 gallon diesel fuel tanks, including installation; one extra sump; one deeper sump than that called for under the contract; and a variety of miscellaneous items of material and labor in connection with the irrigation system, including use of plaintiff's equipment by defendants for their own purposes and damage repairs to components of the irrigation system caused by defendants The complaint alleges the reasonable value or cost of these additional items is $8,215.30. Judgment is sought for this amount plus the balance unpaid under the original written contract and the agreed price for modifications thereof. The total judgment sought according to the prayer in the complaint is $18,315.83, plus interest and costs.

The action was filed by plaintiff in the district court of Yellowstone County. Summons and complaint were served on all three defendants in Prairie County. Defendants jointly filed their motion for change of venue to Prairie County supported by their individual affidavits to the effect that each had been a lifelong resident of Prairie County; that the contract was executed in Prairie County; and that all the activity under the contract was to be performed in Prairie County. Ultimately the district court of Yellowstone County, by order dated March 18, 1970, signed by Judge Luedke, granted defendants' motion for change of venue and transferred the cause to the district court of Prairie County. Plaintiff now appeals from this order.

The underlying issue upon appeal is whether the proper venue of this contract action is the county of defendants' residence.

Plaintiff argues the contract itself shows the contracting parties mutually intended at the time of contracting that it was

to be performed in Yellowstone County by reason of the provision therein that payment was to be made in Billings, Yellowstone County. Plaintiff contends that where the obligation sought to be enforced is payment under the terms of a bilateral contract specifying the place where payment is to be made, the proper venue of the action is the county of payment, citing McGregor v. Svare, 151 Mont. 520, 445 P.2d 571.

The controlling statute for venue in contract actions is section 93-2904, R.C.M.1947, which provides:

"Other actions, according to the residence of the parties. In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or where the plaintiff resides, and the defendants, or any of them, may be found; or, if none of the defendants reside in the state, or, if residing in the state, the county in which they so reside be unknown to the plaintiff, the same may be tried in any county which the plaintiff may designate in his complaint; and if any defendant or defendants may be about to depart from the state, such action may be tried in any county where either of the parties may reside, or service be had. Actions upon contracts may be tried in the county in which the contract was to be performed, and actions for torts in the county where the tort was committed; subject, however, to the power of the court to change the place of trial as provided in this code."

Under this statute, the basic rule governing venue of a contract action is that venue is in the county where the defendant resides. Hardenburgh v. Hardenburgh, 115 Mont. 469, 146 P.2d 151; Love v. Mon-O-Co Oil Corp., 133 Mont. 56, 319 P.2d 1056; Fraser v. Clark, 128 Mont. 160, 273 P.2d 105; McGregor v. Svare, 151 Mont. 520, 445 P.2d 571.

The "place of performance" exception to this basic venue rule applies only to such actions as are based upon contracts which plainly show, either (a) by their express terms or (b) by necessary implication therefrom, that the contracting parties, at the time of contracting, mutually agreed upon a

particular county other than that of defendant's residence wherein they intended their contract was to be performed. Love v. Mon-O-Co Oil Corp.; McGregor v. Svare.

Hardenburgh 115 Mont. at p. 477, 146 P.2d at p. 154, laid down the following principles for determining whether "the place of performance" exception controls venue rather than the county of defendant's residence, in this language:

" 'To bring a contract within the operation of statutes of the character under consideration the obligation to perform in a particular county *must be plainly present either under the express terms of the contract or by necessary implication therefrom* and venue cannot be conferred on a doubtful construction of the contract. \* \* \* To maintain suit in another county than that of defendant's residence *plaintiff must clearly show the facts relied on to bring the case within one of the exceptions to the rule and the contract must state so clearly that it is to be performed in another county than that of defendant's residence that no other fair construction can be placed upon it.* \* \* \* Statutory provisions creating exceptions to the general rule recognizing a defendant's privilege to be sued in his own county will not be given a strained or doubtful construction. \* \* \* Agreement must be clear. A mere direction by the seller as to the place of payment is not sufficient, nor can a promise to remit to cover the purchase price be sued upon by the seller in the county of the point to which the remittance is to be made.' "

The foregoing principles were recently quoted with approval and applied by this Court in McGregor v. Svare.

Applying these principles to the case at bar answers the question upon appeal. Whatever may be said of the original written contract provision that payment be made in Yellowstone County, the recovery sought here includes claims founded upon an implied contract to pay the reasonable value or cost of equipment, materials, and labor not included therein. Plaintiff cannot defeat defendants' right to have a contract action tried in the county of defendants' residence by commingling items

included in a contract providing the place of payment with nonincluded items under a single claim for recovery. To permit this would destroy the very purpose on which the venue statute for contract actions is founded and allow circumvention of a valuable and basic right of defendants. Accordingly, we must examine the nonincluded items to determine venue here.

Not only is there no mutual agreement concerning the price to be paid for the nonincluded items outside the scope of the contract, but there is no mutual agreement by express terms or by necessary implication concerning the place of payment therefor. The obligation to pay the reasonable value or cost of these nonincluded items arises by operation of law and is in no sense founded upon any mutual agreement of the contracting parties.

To construe these nonincluded items as oral modifications of the original written contract results in a doubtful construction that satisfies neither the requirement of clarity nor the requirement of absence of a fair alternative construction under the principles heretofore stated. The pleadings here simply do not disclose any mutual agreement concerning payment for these nonincluded items or the place where any payment is to be made. Accordingly, the "place of performance" exception to the basic venue rule for contract actions is inapplicable and the venue is properly in the county of defendants' residence.

The order of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, DALY and CASTLES, concur.