HARTFORD ACCIDENT AND INDEMNITY COMPANY,
PLAINTIFF AND RESPONDENT, *v.* MARTIN M. VIKEN ET AL.,
DEFENDANTS AND APPELLANTS.

No. 11979.
Decided March 19, 1971.
483 P.2d 266.

Lawrence H. Sverdrup (argued), Libby, for appellants.

Garlington, Lohn & Robinson, Missoula, Gary Graham (argued), Missoula, Sherman V. Lohn (argued), for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is a declaratory judgment action brought by plaintiff, Hartford Accident and Indemnity Company, in which the district court of Missoula County denied a motion for a change of venue to Lincoln County filed by defendants, Martin and Veva Viken, and this appeal followed.

From the record it appears that on January 28, 1968 plaintiff, through its Missoula agent, H. H. Ottman Company, entered into a contract of insurance with Spartan Lincoln-Mercury. The insurance contract was to be effective until January 28, 1969, and consisted of coverage for comprehensive general liability, automobile medical payments, uninsured motorist, garage and dealer's physical damage. The premiums for the insurance were paid to H. H. Ottman Company in Missoula County.

Defendants purchased a 1956 Ford automobile from Spartan Lincoln-Mercury on October 12, 1968. Plaintiff's complaint alleges that a certificate of title for this automobile was given to the defendant on the date of the sale, it was presented to the registrar of motor vehicles of the State of Montana on October 22, 1968, and after a proper transfer of title to defendants it was sent to defendant on November 25, 1968.

The automobile was involved in an accident on November 10,

1968, which precipitated the filing of four lawsuits seeking damages against defendants and Spartan Lincoln-Mercury.

This declaratory judgment action was then filed, seeking a declaration that defendants were not afforded coverage under the policy issued by plaintiff to Spartan Lincoln-Mercury. Defendants were personally served with summons in Lincoln County on May 13, 1970, and consequently sought to change the venue to Lincoln County on grounds that the action must be brought in the county where the defendants reside. The district court denied the motion on the basis that the action was properly brought in Missoula County, the county where the contract under consideration was to be performed.

The issue on this appeal is, in which county must a declaratory judgment action be brought to interpret the coverage under such a liability policy.

The statute authorizing declaratory judgments for contracts is section 93-8902, R.C.M.1947, which reads:

"Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

No determination of the proper venue to maintain an action under this statute exists in section 93-8902, supra, or anywhere else in Chapter 89, the Uniform Declaratory Judgments Act. However, other states have held that general venue rules apply since the Uniform Declaratory Judgments Act does not fix venue, and this Court agrees. Atlas Assurance Co. v. Houston Fire & Casualty Ins. Co., (Tex.Civ.App. 1959), 324 S.W.2d 943, 947; Community Inns Franchise, Inc. v. Plummer (Tex. Civ.App.1964) 379 S.W.2d 670, 671.

Montana's venue statute affecting actions on contracts is section 93-2904, R.C.M.1947, which provides in pertinent part:

"* * * Actions upon contracts may be tried in the county

in which the contract was to be performed, and actions for torts in the county where the tort was committed; subject, however, to the power of the court to change the place of trial as provided in this code.''

A recent decision interpreted this statute this way:

''This statute, section 93-2904, R.C.M.1947, has had a rather stormy career in this Court but it was thought that it had finally been explained very clearly. In the case of Love v. Mon-O-Co Oil Corp., 133 Mont. 56, at p. 61, 319 P.2d 1056, at p. 1059, we said:

'' 'In order to give full effect to the mutual intention of parties, the legislature has enacted, as a permissive exception to the general venue rule declared in the first sentence of sections 93-2904 an additional provision, appearing in the second sentence of the section, designating the county wherein, at the time of contracting, the parties had agreed their contract was to be performed as a proper county for the trial of an action based thereon. This performance exception, however, applies only to such actions as are based upon contracts which plainly show, either (a) by their express terms, or (b) by necessary implication therefrom, that the contracting parties, at the time of contracting, did mutually agree upon a particular county, other than that of defendant's residence, wherein they intended that their contract was to be performed.' '' Cormier Bros. Inc. v. Willcutt, 154 Mont. 297, 299, 462 P.2d 889, 890-891.

In the instant case, the insurance contract did not contain an express provision regarding the place of performance of the contract. However, plaintiffs cite Brown v. First Federal Savings & Loan Assn., 144 Mont. 149, 394 P.2d 1017, for guidelines in determining the implied place of performance of a contract. In that case, the Court considered where the contract was executed, where negotiations concerning the contract took place, where the bills were to be paid, and where the particulars of performance were to be carried out. After examining prior cases on the subject, this conclusion was drawn:

''In all of these cases the county of activity, as reflected by

the terms of the contract, was deemed the place of performance.'' Brown v. First Federal Savings & Loan Assn., at p. 154, 394 P.2d at p. 1020.

Then, plaintiffs point out that the address of plaintiff's agent was in Missoula County, a loss payable clause provided payment of a claim was to be drawn on a bank in Missoula County, the insurance contract was made in Missoula County, and premiums were to be paid in Missoula County. Plaintiffs draw a conclusion from these facts that Missoula County was the ''place of activity'' hence the ''place of performance''on this contract.

However, the action for declaratory judgment was brought to determine coverage under the policy which ultimately must determine to whom claims will be paid under the policy. Since it is this part of the contract which is involved and is the purpose of this action, it is this activity which must determine the ''place of activity.'' Similar rationale in a contract action was used in Thomas v. Cloyd, 110 Mont. 343, 347, 100 P.2d 938 and Bick v. Haidle, 156 Mont. 350, 480 P.2d 818.

The insurance contract in question does not specifically state where claims are to be paid, however it does describe ''policy territory'' as encompassing: ''(1) the United States of America, its territories or possessions, or Canada, or (2) international waters or air space, * * * (3) anywhere in the world * * *.'' Taking these facts into consideration together with judicial knowledge of the custom of payment in the insurance business, it is obvious that payment of claims under this contract was to be made at the place of residence of those covered under the policy. Therefore, if defendants are found to be covered under the policy as a result of the declaratory judgment action, plaintiffs would be required to pay any claim at the place of defendants' residence in Lincoln County. As a result, the only possible ''place of activity'' on the portion of the contract in question is Lincoln County, hence it is the only possible ''place of performance.'' Lincoln County, therefore, is the only proper jurisdiction for a declaratory judgment to determine parties covered under the insurance contract.

The judgment is reversed.

MR. JUSTICES HASWELL and DALY, concur.

MR. JUSTICE JOHN C. HARRISON took no part in this cause.

MR. JUSTICE CASTLES,

The complaint is one characterized as a declaratory judgment action on a contract of insurance. However, in paragraph IV of the complaint it is made clear that the real issue sought to be determined is the "ownership" of a 1956 Ford automobile. While the determination of that question as between one or both defendants, that is Martin Viken and/or Veva Viken, and the dealer, Spartan Lincoln-Mercury, does determine the possibility of liability under the policy carried by the dealer; really it is not the insurance contract involved; but rather the *contract of purchase* of the automobile and the application of section 53-109, R.C.M.1947.

If, under the *contract of purchase* of the automobile, the "ownership" remained in Spartan Lincoln-Mercury; then, and only then, would the terms of the policy come into being. Now, since on the motion for change of venue with supporting affidavits, no showing was made on the place of performance of the contract of sale on the automobile (the burden to establish the facts giving rise to the exception to the general rule on venue being on the plaintiff in this case), then, the venue should have been changed to the residence of the defendants.

Following this reasoning further, plaintiff instituted this action and chose the parties to be made defendants. If it were suing upon the contract of insurance, it would necessarily have had to name the insured. It did not then sue on the contract of insurance and the venue statute (93-2904) exception for place of performance has no application.

Therefore, I concur in the result.