No. 14442

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

GERALD F. HOPKINS and MARY M. HOPKINS,

      Plaintiffs and Respondents,

-vs-

SCOTTIE HOMES, INC., a Corporation,
Chief Industries, Inc., a Corporation,
and THE FIRST NATIONAL BANK OF GLASGOW,
MONTANA, a corporation,

      Defendants and Appellants.

---

Appeal from:  District Court of the Fourteenth Judicial
           District,
           Honorable Nat Allen, Judge presiding.

Counsel of Record:

    For Appellants:

        Robert Hurly and Paul Hoffmann, Glasgow, Montana
        Harrison, Loendorf, Poston and James T. Harrison, Sr.,
         Helena, Montana
        James T. Harrison Sr., argued, Helena, Montana

    For Respondents:

        Ask and Pratt, Roundup, Montana
        Thomas M. Ask argued, Roundup, Montana
        Anderson, Symmes, Brown, Gerbase, Cebull & Jones,
        Billings, Montana

---

                Submitted:  February 2, 1979

                Decided: MAR 2 1979

Filed: MAR 2 1979

*Thomas J. Kearney*
                Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by defendants, Scottie Homes, Inc., and First National Bank of Glasgow, from an order of the District Court of the Fourteenth Judicial District, Musselshell County, denying their motion for a change of venue.

Plaintiffs Gerald and Mary Hopkins purchased a new "Bonavilla" mobile home from defendant Scottie Homes, Inc., on June 1, 1976. They executed a security agreement to finance the balance of the purchase price, and the security agreement was assigned by defendant Scottie Homes, Inc., to defendant First National Bank of Glasgow. The mobile home was delivered to and set up on plaintiffs' property near Roundup, Montana.

Within a few months the roof of the mobile home began to leak whenever it rained causing substantial damage to the home's interior. Plaintiffs notified defendant Scottie Homes, Inc., of the problem and also defendant Chief Industries, Inc., the manufacturer of the mobile home. After numerous letters, phone calls, and the threat of legal action, the roof of the mobile home was reshingled during the summer of 1977, but the problem persisted. When plaintiffs notified defendants that the repair work had not cured the defects, defendants answered that the warranty period had expired and with it their obligation. This prompted plaintiffs to give defendants a second notice of recission, cancellation and revocation, as they had done prior to having the roof repaired the previous summer.

On January 28, 1978, plaintiff Gerald Hopkins climbed on top of the roof to try to divert the flow of water that was still running into the home. Because ice had formed on

the roof, he slipped and injured his back. Plaintiffs thereafter brought this action seeking:

> "[1] cancellation of purchase and security agreements and of balances due on purchase of a mobile home, [2] the removal of the mobile home from their land, [3] refund of all payments they had made on their mobile home purchase, [4] damages for breach of contract regarding purchase of the mobile home, and [5] damages for back injuries allegedly suffered by one plaintiff when he fell off the icy roof of the mobile home."

The action was filed in the District Court of the Fourteenth Judicial District, Musselshell County, the county in which plaintiffs reside and in which the mobile home is located. Defendants Scottie Homes, Inc., and First National Bank of Glasgow moved for a change of venue to Valley County, the county in which each defendant's place of business is located.

The sole issue for review by this Court is whether the District Court erred in denying defendant's motion for change of venue.

This Court has held that "[t]he general rule governing venue in civil actions is that the action shall be tried in the county in which the defendant resides at the commencement of the action." McGregor v. Svare (1968), 151 Mont. 520, 523, 445 P.2d 571, 573. The general rule with its exceptions is codified in section 93-2904, R.C.M. 1947, now sections 25-2-101, 25-2-102, and 25-2-108 MCA, which provides in pertinent part:

> ". . . the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action . . . Actions upon contracts may be tried in the county in which the contract was to be performed, and actions for torts in the county where the tort was committed . . ." (Emphasis added.)

This Court has stated that the rule with respect to the performance exception is "that the place of performance must be evident either by (a) the express terms of the contract, or (b) by necessary implication that a county other than that of the defendant's residence is intended to be the county of performance." Brown v. First Federal Savings and Loan Assn. (1964), 144 Mont. 149, 153, 394 P.2d 1017, 1019.

Neither party seeks to demonstrate the place of performance by the express terms of the contract, and so this Court must decide whether a county other than that of defendants' residence is intended to be the county of performance by necessary implication. In determining this, the Court may consider the contract and plaintiffs' supporting affidavit submitted with their memorandum in opposition to change of venue. State ex rel. Interstate Lumber Co. v. District Court (1918), 54 Mont. 602, 608, 172 P. 1030, 1033. When affidavits supplied by one of the parties with respect to the motion for change of place of trial are uncontradicted, the statements of facts set forth therein must be taken as true. Fraser v. Clark (1954), 128 Mont. 160, 173, 273 P.2d 105, 112.

Defendants argue that the only continuing performance contemplated by the parties was the payment of installments to the bank in Glasgow. Plaintiffs, in their affidavit, say that delivery of the mobile home to Musselshell County was at all times contemplated by the parties; that plaintiffs had no contact with the bank at any time; that the place of performance was where the home was delivered and set-up; and that the proper venue for this action is Musselshell County if one considers the convenience of the witnesses.

In Hardenburgh v. Hardenburgh (1944), 115 Mont. 469, 478, 146 P.2d 151, 154, this Court stated:

"Agreement must be clear. A mere direction by the seller as to the place of payment is not sufficient, nor can a promise to remit to cover the purchase price be sued upon by the seller in the county of the point to which the remittance is to be made."

This Court, in Brown v. First Federal Savings & Loan Assn. (1964), 144 Mont. 149, 154, 394 P.2d 1017, 1020, reviewed a number of cases involving venue questions looking for a common element. The Court stated that "[i]n all of these cases the county of activity, as reflected by the terms of the contract, was deemed the place of performance." (Emphasis added.) The contract in the instant case does expressly provide that "[c]ustomer will pay Scottie Homes for Blocking water and sewer hookup," activity which would necessarily take place within Musselshell County.

It should be noted that section 93-2904, R.C.M. 1947, now section 25-2-102 MCA, provides for a tort exception in addition to the contract performance exception. In the instant case, plaintiffs have alleged tortious conduct by defendants in Musselshell County resulting in physical injuries. This allegation, on its face, when considered with the allegations regarding performance of the contract, are sufficient to uphold the determination of the District Court that proper venue for this action is in Musselshell County.

The order of the District Court is affirmed.

_____
                      Justice

We concur:

_____
      Chief Justice

_____

_____
      Justices

-5-

Mr. Justice Gene B. Daly dissenting:

I disagree with the reasoning of the majority as it concerns the "county of activity" and using the case of Brown v. First Federal Savings & Loan Ass'n., supra, as authority.

The "tort exception" in section 93-2904, R.C.M. 1947, now section 25-2-102 MCA, in my view, clearly did not intend to permit a fall from a roof to be attached to a contract action for the purpose of venue.

Gene B Daly

-6-