No. 14738

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

CLARE E. DEIMLER,

        Plaintiff and Respondent,

    -vs-

ROBERT E. OSTLER and
JENNIE H. OSTLER,

        Defendants and Appellants.

Appeal from:  District Court of the Eighth Judicial District,
           Honorable John M. McCarvel, Judge presiding.

Counsel of Record:

    For Appellants:

        Small, Hatch and Doubek, Helena, Montana

    For Respondent:

        Jardine, Stephenson, Blewett and Weaver, Great
          Falls, Montana

Submitted on briefs:  August 2, 1979

Decided OCT 2 1979

Filed: OCT - 1979

_Thomas J. Kearney_
                             Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Defendants appeal from an order of the Cascade County District Court denying their motion for change of place of trial from Cascade to Madison County.

Plaintiff is a Great Falls realtor who brought this action in Cascade County to recover a commission for the sale of real estate in Powell County. The complaint alleged that defendants agreed to pay the realtor five percent of the purchase price for his services in representing them: that the realtor performed his part of the bargain; and that he is entitled to a commission in the amount of $80,000. Attached to and incorporated with the complaint are two written agreements signed by defendants. Each provides:

> "For valuable consideration I/we agree to sell and convey to the Purchaser the above described property on the terms and conditions hereinabove stated and agree to pay to the above named agent a commission amounting to 5 percent of the above mentioned selling price for services rendered in this transaction."

Defendants were served with process at their residence in Madison County and timely moved to have the place of trial changed to that county. Upon examination of the parties' affidavits, counteraffidavits and briefs, the District Court properly denied the motion.

The general rule of venue is that "civil actions . . . shall be tried in the county in which the defendant resides at the commencement of the action." McGregor v. Svare (1968), 151 Mont. 520, 523, 445 P.2d 571, 573. See also section 25-2-108, MCA. However, "Actions upon contracts may be tried in the county in which the contract was to be performed . . ." Section 25-2-101, MCA. In order for the performance exception to apply "the place of performance must be evident either by (a) the express terms of the contract, or (b) by necessary implication that a county other than

that of defendant's residence is intended to be the county of performance." Hopkins v. Scottie Homes, Inc. (1979), ____ Mont.____, 591 P.2d 230, 232, 36 St.Rep. 410, 412; Brown v. First Federal Sav. and L. Ass'n of Great Falls (1964), 144 Mont. 149, 153, 394 P.2d 1017, 1019.

The contract for payment of commission contains no express terms dealing with place of performance. The issue is thus whether Cascade County was intended to be the place of performance by necessary implication. In resolving the question, this Court may examine the contract, which is part of the pleadings herein, as well as the parties' affidavits. Hopkins v. Scottie Homes, supra, ____Mont. at ____, 591 P.2d at 232, 36 St.Rep. at 410;412; State v. District Court (1918), 54 Mont. 602, 608, 172 P. 1030, 1033.

The undisputed facts which this Court must accept as true, Hopkins v. Scottie Homes, supra, citing Fraser v. Clark (1954), 128 Mont. 160, 172-173, 273 P.2d 105, 112, are as follows: Plaintiff realtor is a resident of Cascade County and maintained his office there. The earnest money is on deposit with plaintiff in Cascade County. In order to facilitate the closing of the transaction and in recognition of the dispute over the commission, part of the purchase money was placed in escrow with a Great Falls bank pending the outcome of this litigation.

There is but one disputed fact. Plaintiff stated:

"That it was understood and agreed that the commission to be paid to your affiant under the terms of the original Receipt and Agreement to Sell and Purchase and the subsequent agreement would be payable to your affiant at Great Falls, Cascade County, Montana, at his agency in said county."

Defendants flatly deny any such agreement or understanding.

The language of Brown v. First Federal Sav. and L. Ass'n of Great Falls (1964), 394 P.2d at 1021, is appropriate.

"Since the facts of the affidavit are contradicted, they cannot be taken as true within the rule of

- 3 -

the Fraser case, supra. Therefore, this issue was placed in the discretion of the district judge, who resolved the conflict in favor of the plaintiffs in denying the motion for change of venue. We will not disturb the exercise of discretion in the absence of a clear evidence of abuse thereof."

There is no abuse of discretion in this case. The undisputed facts, as outlined above, support the trial court's determination that by necessary implication the parties intended Cascade County to be the place of performance.

The District Court is affirmed.

_Frank I. Haswell_
Chief Justice

We concur:

_Gen B Daly_

_John Conway Harrison_

_Daniel J. Shea_

_John C. Sheehy_
Justices

- 4 -