No. 79-9

IN THE SUPREME COURT OF THE STATE OF MONTANA

R. K. PEENSTRA, d/b/a
TOWNHOUSE FURNITURE,

                    Plaintiff and Respondent,

        vs.

MIKE J. BEREK,

                    Defendant and Appellant.


Appeal from:   District Court of the Eleventh Judicial District,
               In and for the County of Flathead.
               Honorable Robert C. Sykes, Judge presiding.

Counsel of Record:

        For Appellant:

            Smith, Baillie and Walsh, Great Falls, Montana

        For Respondent:

            Hash, Jellison, O'Brien and Bartlett, Kalispell,
            Montana


                            Submitted on briefs: March 21, 1980

                                    Decided: July 22, 1980

Filed: JUL 23 1980

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendant Mike J. Berek, appeals from an order of the Flathead County District Court denying his motion for a change of venue to Cascade County. The sole issue in this appeal is whether the place of performance in a contract is in Flathead County or Cascade County. We affirm the District Court.

Plaintiff, R. K. Peenstra, d/b/a Town House Furniture (herein furniture store) operates a retail furniture store in Kalispell, Montana. Defendant purchased furniture in Kalispell but had it delivered to Great Falls, Montana, his place of residence. Defendant (herein buyer) paid $100 down with the balance to be paid after delivery in Great Falls. Payment was to be made to the plaintiff (herein seller) at his office and business in Kalispell. Delivery was made by the seller but the buyer failed to pay, and the seller filed suit in Flathead County District Court for the balance allegedly owed plus interest.

The buyer moved the court to change the venue to Cascade County, his place of residence, and the place where he alleges the contract was to be performed. The trial court entered findings and conclusions and an order denying the motion for change of venue, and this appeal followed. The essence of the buyer's argument is that the contract called for performance in Great Falls--apparently because delivery was made there. On the other hand, the seller contends that delivery was made and the only remaining performance to be made was that of payment, which was to be made in Kalispell.

Although the general rule in civil actions is that they are ". . . tried in the county in which the defendants . . .

-2-

reside at the commencement of the action" (section 25-2-108, MCA), an exception is provided in section 25-2-101, MCA, which provides that "actions upon contracts may be tried in the county in which the contract was to be performed . . . ." This section applies either where "the place of performance must be evident either by (a) the express terms of the contract, or (b) by necessary implication that a county other than that of defendant's residence is intended to be the county of performance." Deimler v. Ostler (1979), ___ Mont. ___, 600 P.2d 814, 815, 36 St.Rep. 1723, 1724; Hopkins v. Scottie Homes, Inc. (1979), ___ Mont. ___, 591 P.2d 230, 232, 36 St.Rep. 410, 412.

Here the express terms of the contract provide that the seller was to perform by making delivery in Great Falls (Cascade County), but that the buyer would perform by making payments in Kalispell (Flathead County). The seller fully performed, but the buyer allegedly has failed to perform his obligations which are to be performed in Flathead County. Under these circumstances, we conclude that venue is properly in Flathead County.

The order of the District Court is affirmed.

_____
                                    Justice

We Concur:

_____
          Chief Justice

_____

_____

_____
          Justices

-3-