BRYAN, Justice.
The Board of Water and Sewer Commissioners of the City of Mobile ("the Board") petitions this Court for a writ of mandamus directing the Baldwin Circuit Court to transfer the underlying case to the Mobile Circuit Court. Because we conclude that venue is proper in Mobile County, we grant the petition and issue the writ.
The Board is a public, governmental agency that does business as the Mobile Area Water and Sewer System, and its principal place of business is located in Mobile County. In 2000, the Board entered into an agreement with the Spanish Fort Water System ("SFWS"), in which the Board agreed to sell treated water to SFWS. SFWS provides water to the City of Spanish Fort, which is located in western Baldwin County close to neighboring Mobile County. To transport the treated water, the Board agreed to build and operate a connection between the two water systems. Over the years, the Board and SFWS entered into other agreements concerning the Board's sale of treated water to SFWS. A 2008 agreement between the parties contains a forum-selection clause providing that venue for any dispute between the parties would be proper only in Mobile County.
In 2011, SFWS sought to make capital improvements to its system. To fund the improvements, SFWS sought to obtain a loan from the United States Department of Agriculture ("the USDA"). As part of the loan process, the USDA required SFWS and the Board to enter into another agreement concerning the continuing sale of treated water from the Board to SFWS.
*637 Thus, in 2011, SFWS and the Board executed a standard form contract provided by the USDA. The 2011 agreement is the first agreement between the parties since the 2008 agreement. In the 2011 agreement, as in the previous agreements, the Board agreed to sell treated water to SFWS. However, the 2011 agreement is shorter than the previous agreements, and some of the material terms are different from the earlier agreements. The 2011 agreement references the existence of the 2008 agreement in the recitals but does not discuss the 2008 agreement beyond that. Unlike the 2008 agreement, the 2011 agreement does not contain a forum-selection clause providing that venue is proper only in Mobile County.
In 2017, the Board increased the rates for the water that it sells SFWS. SFWS then sued the Board in the Baldwin Circuit Court, alleging that the Board had breached the 2011 agreement by raising the rates it charges for water. SFWS also alleged that the Board had unlawfully discriminated against SFWS by increasing the rates and that the Board was estopped from increasing the rates. The complaint also sought, under the Declaratory Judgment Act, § 6-6-220 et seq., Ala. Code 1975, a declaration of rights as between the parties and an injunction enjoining the Board from applying the increased rates.
The Board filed a motion to dismiss or, alternatively, to transfer the case to the Mobile Circuit Court. The Board asserted that venue is proper only in Mobile County, where the Board has its principal place of business. SFWS responded, arguing that venue is proper in Baldwin County, where SFWS is located. The Baldwin Circuit Court denied, without explanation, the Board's motion to dismiss or, alternatively, to transfer the case. The Board then petitioned this Court for a writ of mandamus, arguing that venue is proper only in Mobile County.
" 'A petition for the writ of mandamus is the appropriate means by which to challenge a trial court's order regarding a change of venue. The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows" ' " (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." ' " Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala. 2000) (quoting Ex parte Gates, 675 So.2d 371, 374 (Ala. 1996) ); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala. 1999).'
" Ex parte Children's Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala. 2005).
"Applying the general rules to a petition for a writ of mandamus challenging a ruling related to venue, this Court has held: 'The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.' Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala. 1987). 'Our review is limited to only those facts that were before the trial court.' Ex parte Kane, 989 So.2d 509, 511 (Ala. 2008)."
Ex parte Lugo de Vega, 65 So.3d 886, 891 (Ala. 2010).
The Board contends that venue is proper only in Mobile County and, thus, that this Court should order the Baldwin Circuit Court to transfer the case to the Mobile Circuit Court. The Board makes two arguments in support of its contention that venue is proper in Mobile County. First, *638 the Board relies on the forum-selection clause in the 2008 agreement, which states that venue is proper only in Mobile County. Although SFWS's claims appear to be based on the 2011 agreement, not the 2008 agreement, the Board argues that the 2011 agreement incorporated the 2008 agreement, thus making the forum-selection clause in the 2008 agreement controlling. Second, the Board argues that, regardless of the forum-selection clause, venue is proper in Mobile County based on the general common-law rule regarding venue for a governmental agency like the Board. We find the Board's second argument to be dispositive; we thus pretermit discussion of the first argument.
The Board is a public, governmental agency established by the Mobile City Council under § 11-50-340 et seq., Ala. Code 1975, which concerns the creation and operation of boards of water and sewer commissioners. Specifically, § 11-50-343(a), Ala. Code 1975, provides that "[e]ach board created under the provisions of [ § 11-50-340 et seq. ] shall be deemed to be a public agency or instrumentality exercising public and governmental functions to provide for the public health and welfare." Initially, we note that we can find no venue statute governing the Board. Section 11-50-340 et seq., under which the Board was created, does not contain a provision concerning venue. Alabama's general venue statutes, § 6-3-1 et seq., Ala. Code 1975, do not contain a provision governing an action against a public, governmental agency like the Board, and there appears to be no other statutory provision addressing venue in this action.
SFWS argues, however, that a statutory provision exists indicating that venue is proper in Baldwin County. In its complaint, SFWS sought, among other things, a declaration of rights between the parties under the Declaratory Judgment Act. SFWS argues that § 6-6-222, Ala. Code 1975, a part of the Declaratory Judgment Act, provides that venue is proper in Baldwin County. Section 6-6-222 provides, in pertinent part, that "[c]ourts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." SFWS seems to contend that the phrase "within their respective jurisdictions" establishes that venue in this case is proper in Baldwin County. However, although the provision mentions "jurisdiction," it does not address venue.
"The terms 'jurisdiction' and 'venue' are often confused and loosely used. In its pure sense 'jurisdiction' means the power of a court to entertain and consider a cause, and render a binding judgment therein. 'Venue' refers to the court in which for the sake of convenience or policy considerations the cause is to be tried."
Ex parte Western Ry. of Alabama, 283 Ala. 6, 10, 214 So.2d 284, 287 (1968).
By its plain terms, § 6-6-222 simply does not concern venue. Alabama's Declaratory Judgment Act is a version of the Uniform Declaratory Judgment Act. Oxford Lumber Co. v. Lumbermens Mut. Ins. Co., 472 So.2d 973, 975 (Ala. 1985). In other jurisdictions that have adopted versions of the Uniform Declaratory Judgment Act that contain a provision with the same relevant language as that found in § 6-6-222, courts have noted that the act does not contain a venue provision. For example, the Supreme Court of Montana has stated:
"No determination of the proper venue to maintain an action under this statute exists in section 93-8902, supra, or anywhere else in Chapter 89, the Uniform Declaratory Judgments Act[, which is now codified at *639 Mont. Code Ann. 27-8-201 et seq. ]. However, other states have held that general venue rules apply since the Uniform Declaratory Judgments Act does not fix venue, and this Court agrees. Atlas Assurance Co. v. Houston Fire & Casualty Ins. Co., (Tex. Civ. App. 1959), 324 S.W.2d 943, 947 ; Community Inns Franchise, Inc. v. Plummer (Tex. Civ. App. 1964), 379 S.W.2d 670, 671."
Hartford Accident & Indem. Co. v. Viken, 157 Mont. 93, 95, 483 P.2d 266, 268 (1971). See also Father Flanagan's Boys' Home v. Graybill, 178 Neb. 79, 84, 132 N.W.2d 304, 308 (1964) ("Venue i[n] a declaratory judgment action[, see Neb. Rev. St. § 25-21, 149 et seq. (Reissue 2016),] is governed by the rules relating to venue of civil actions generally. 9A Uniform Laws Annotated, Declaratory Judgments, § 1, Note 120, Venue, p. 76.").
In the absence of a venue statute governing this action against the Board, we rely, as the Board urges us to do, on the general common-law rule that an action against a governmental entity like the Board is properly maintained in the county where the governmental entity officially resides. "[T]his State has a number of cases accepting the general rule that suits against a public official or against governmental bodies are ordinarily and properly maintained in the County of the official residence." Ex parte City of Huntsville Hosp. Bd., 366 So.2d 684, 686 (Ala. 1978). Further, " ' "[a] governmental body is generally regarded as having its residence for purposes of venue in the county where its principal place of business is located, or in the place where its domicile is fixed by law." ' " Hardin v. Fullilove Excavating Co., 353 So.2d 779, 781 (Ala. 1977) (quoting Alabama Youth Servs. Bd. v. Ellis, 350 So.2d 405, 407 (Ala. 1977) ). In sum, in the absence of a governing statute, venue in an action against a governmental entity is proper in the county where the entity officially resides, which is where the entity's principal place of business is located or where its domicile is fixed by law. In this case, the Board's principal place of business is located in Mobile County. Thus, under the general rule regarding venue in actions against governmental entities, Mobile County is the proper venue in this case.
SFWS contends that, despite the general common-law rule, we should conclude that venue is proper in Baldwin County. The gist of its argument is that venue is proper in Baldwin County because the Board extended its water-delivery infrastructure into Baldwin County to deliver water to SFWS. Thus, SFWS says, the Board has a presence in Baldwin County that should permit venue there. In support of that argument, SFWS cites Ex parte City of Haleyville, 827 So.2d 778 (Ala. 2002) (plurality opinion), and Ex parte City of Birmingham, 507 So.2d 471 (Ala. 1987). However, neither of those cases establishes that venue is proper in Baldwin County merely because the Board has some presence there.
In City of Haleyville, this Court construed § 6-3-11, Ala. Code 1975, a venue statute that, in relevant part, provides that "[t]he venue for all civil actions for damages for personal injury, death, or property damage" filed against a municipality shall be in the county in which the municipality is "located." The City of Haleyville is physically located in two counties, i.e., the city's boundaries straddle two counties. A plurality of this Court concluded that, under § 6-3-11, "if the municipality is physically located in two or more counties, venue is appropriate in all such counties." 827 So.2d at 783. City of Haleyville is not on point because this case does not concern § 6-3-11 or a municipality that is physically located in more than one county.
*640 Here, the Board does business in Baldwin County through its agreement with SFWS, and its infrastructure extends into Baldwin County in compliance with that agreement, but those facts are not analogous to the facts in City of Haleyville.
City of Birmingham involved an action against a municipality before the enactment of § 6-3-11, which we later construed in City of Haleyville, discussed above. As SFWS acknowledges, § 6-3-11 supersedes some of the analysis in City of Birmingham, see Little v. State, 44 So.3d 1070, 1073 (Ala. 2010), and SFWS does not attempt to draw an analogy from that analysis. Rather, SFWS notes that, in City of Birmingham, this Court stated that in Huntsville Hospital Board, supra,
"we decided the venue question [in an action against a county] on the basis of § 6-3-3, [Ala. Code 1975,] which provides that actions for work and labor done may be brought in the county where the work was done, without an exception for actions against counties. By relying on a specific venue statute, this rationale at least conceivably leaves open the question of venue against counties generally."
507 So.2d at 474 (emphasis omitted).
SFWS, essentially relying on Huntsville Hospital Board more than City of Birmingham, observes that Huntsville Hospital Board left open the possibility of a governmental entity being sued outside the county of its official residence. However, that point does not help SFWS in this case. Huntsville Hospital Board simply demonstrated a distinct application of the general principle we have discussed above and that this Court succinctly described in City of Birmingham: "[V]enue of suits against a governmental entity is at the situs of the entity unless a specific provision to the contrary applies." 507 So.2d at 474. In Huntsville Hospital Board, there was a claim against the Huntsville Hospital Board for work and labor done. That is a crucial point, because there is a specific statute, § 6-3-3, Ala. Code 1975, governing venue for actions alleging claims for work and labor done, regardless of the identity of the defendant. That is, in Huntsville Hospital Board, § 6-3-3 provided a "specific provision" that controlled instead of the common-law rule that venue for a governmental-entity defendant is proper where the entity officially resides. In this case, as we have noted, there is no such provision, and, thus, venue is proper in Mobile County, the location of the Board's official residence.
We conclude that Mobile County is the proper venue in this case. Accordingly, we grant the Board's petition for a writ of mandamus, and we direct the Baldwin Circuit Court to transfer the underlying case to the Mobile Circuit Court.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Parker, Shaw, Main, Wise, Sellers, and Mendheim, JJ., concur.