## WESTERGARD, Respondent, *v.* WESTERGARD, Appellant.

(No. 7,868.)

(Submitted February 27, 1939. Decided March 7, 1939.)

[88 Pac. (2d) 5.]

*Messrs. Gilbert, Gilbert & McFadden,* for Appellant, submitted a brief; *Mr. T. E. Gilbert* argued the cause orally.

*Mr. John Collins,* for Respondent, submitted a brief.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff commenced this action in Beaverhead county to obtain a divorce on the ground of cruelty and adultery. Defendant by answer and cross-complaint denied the material allegations of the complaint and asked for a divorce from plaintiff and for alimony, and affirmatively alleged that plaintiff had been guilty of cruelty towards her and of adultery. After issues were joined by a reply, defendant filed a motion for change of venue to Silver Bow county which was denied. This appeal is from the order denying the motion.

The motion was based upon the ground of convenience of witnesses under section 9098, Revised Codes. It was supported by affidavits showing that defendant had resided in Butte since November, 1937, and that she has nine witnesses, all of whom reside in Silver Bow county. The affidavit sets out generally the character of the testimony which each witness will give, and that because they live in Silver Bow county the trial should take place there.

Plaintiff, in opposition to the motion, made affidavit that he has eleven witnesses all but one of whom reside in Dillon, and the one not residing in Dillon resides on a ranch south of Dillon. He likewise sets out generally what facts each witness will testify to.

From the affidavits it is thus seen that the question of convenience in the place of trial is about evenly balanced. The court did not abuse its discretion in denying the motion. Defendant relies upon the fact that two of her witnesses are physicians who cannot leave their practice to appear in Dillon as witnesses without inconvenience and loss to them. Their testimony, however, does not appear to be so vital that it could not be submitted with the same effectiveness in the form of depositions.

The order appealed from is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, STEWART and ERICKSON concur.