CURTIS L. BROWN and HELEN M. BROWN, Husband and Wife, Plaintiffs and Respondents, v. FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF GREAT FALLS, a Corporation, Defendant and Appellant.

No. 10716

Submitted May 11, 1964. Decided September 2, 1964.

394 P.2d 1017

150

Hall, Alexander & Kuenning, Great Falls, John C. Hall (argued), Great Falls, for appellant.

A. L. Libra (argued), Helena, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Plaintiffs, Curtis and Helen Brown, sought to build a home

in Helena. On September 10, 1958, they entered into a construction loan agreement with the defendant, First Federal Savings and Loan Association of Great Falls. The parties to this agreement were the plaintiffs (owners), one Tom Seely (contractor), and the defendant (Savings and Loan Association).

Plaintiffs and Seely agreed on a home to be built for about $17,500. Plaintiffs agreed to place approximately $4,000 in a construction loan account with the defendant, and the defendant agreed to make available the $13,500 balance to bring the account up to the amount necessary to build the home. The funds in this account were to be used for construction, and the account was assigned to the defendant for this purpose. Plans, specifications and itemized cost statements were to be supplied the defendant. Also, inspection reports were to be certified to them if requested. As work progressed the defendant was to pay Seely certain percentages upon his furnishing defendant with lien waivers and other evidence of having paid his laborers and materialmen. In short, the defendant was to serve as agent of the plaintiffs in all financial matters concerning the construction of the home in Helena.

The complaint, incorporating the loan agreement as an exhibit, alleges that in October 1958 the defendant paid Seely $2,600 out of the construction loan account without requiring a waiver of priority of lien rights. Plaintiffs informed defendant in December 1958 that the contractor had not paid some of his bills arising from the construction project. Defendant instructed the contractor, Seely, not to proceed with the work, but to furnish lien waivers. Also, defendant requested plaintiffs to obtain all statements of accounts and to forward them to defendant. Plaintiffs were instructed to discharge Seely as contractor. Later, in January 1959 a representative of defendant met with plaintiffs and prospective contractors in Helena for the selection of a new contractor.

The complaint further alleges that the defendant did not pay the statements of account and did not complete the building

contract, and that liens were filed against the property of the plaintiffs. In February 1959, the defendant released the mortgage plaintiffs had given it, refunding about $2,000, and refused to continue the agreement or to perform its obligations thereunder. Plaintiffs claim damages for breach of contract, for negligent conduct relative to the loan account, for causing plaintiffs to have to rent substitute housing, and for causing plaintiffs to suffer anguish over the delay in the construction of their home.

The action was filed in Lewis and Clark County, wherein the City of Helena is situated and which is the site of the construction of the home. The defendant moved for change of venue to Cascade County, wherein the City of Great Falls is situated, and which is the residence of the defendant.

The affidavit of defendant in support of the motion for change of venue states that service was made on the defendant in Great Falls; that the claims are based upon alleged acts which occurred, if at all, in Great Falls; and that the defendant resides in Great Falls and has so resided since the commencement of the action. The affidavit by plaintiffs in opposition to the motion states that the land is located in Helena; the contract, promissory note, and mortgage were entered into and executed in Helena; the inspection, supervision, and completion of the building was to be in Helena; and the construction bills were to be paid in Helena. Finally, certain acts of negligence were noted and stated to have been committed in Helena. The district court denied the motion and defendant appeals. The question presented by this appeal is whether the action may be maintained in Lewis and Clark County.

The first issue presented on the question involves the place of performance of the contract. Section 93-2904, R.C.M. 1947, states, in part, that the action is to be brought in the county in which the defendant resides. However, the second sentence of the section states that actions upon contracts may be tried in the county in which the contract was to be per-

formed. If the contract is to be performed in a county other than the county of defendant's residence then the plaintiff has his choice of the two counties in which to sue. The provisions of section 93-2904 are permissive. Love v. Mon-O-Co Oil Corp., 133 Mont. 56, 319 P.2d 1056.

Since the defendant resides in Cascade County, in order for the plaintiffs to maintain the action in Lewis and Clark County it must appear that the contract was to be performed in Lewis and Clark County. The rule in this state, concerning this performance exception to section 93-2904, is that the place of performance must be evident either by (a) the express terms of the contract, or (b) by necessary implication that a county other than that of the defendant's residence is intended to be the county of performance. This has long been the rule in Montana, and recently was reaffirmed in McNussen v. Graybeal, 141 Mont. 571, 380 P.2d 575.

There is no designation of a place of performance by the express terms of the contract, but we do feel that it is evident by necessary implication from the contract and supporting affidavit of plaintiff that Lewis and Clark County is intended to be the place of performance of the construction loan agreement. Plaintiffs' affidavit may be used in arriving at the determination. State ex rel. Interstate Lumber Co. v. District Court, 54 Mont. 602, 608, 172 P. 1030.

The home was to be built in Helena. This would necessarily mean that the contractor would have to either be from Helena or have some sort of field office set up in Helena. The affidavit of plaintiff shows that the plaintiff, the contractor and the defendant's representative met in Helena to enter into the agreement, and that the instrument was executed there. This affidavit also states that the bills were to be paid in Helena.

The Montana cases on this point decided heretofore involve some labor, service, or activity to be done in the county. Hence, even though the contract might not specify a place of performance such was clear from a description of the activity. In one

case the defendant was to maintain neon signs for plaintiff in Butte, so that even though the place of performance of the contract was not expressly stated in the contract, still the terms expressly designated Butte as the place of activity and the plaintiff could maintain his suit there. Colbert Drug Co. v. Electrical Products Consolidated, 106 Mont. 11, 74 P.2d 437. In another case, a dentist was to secure employment for plaintiff in a laboratory in either Butte, Portland, Oregon, or Minneapolis, Minnesota. The performance was held to be in Butte in that case so as to enable plaintiff to maintain his action for breach there. Thomas v. Cloyd, 110 Mont. 343, 100 P.2d 938. In Love v. Mon-O-Co Oil Corp., supra, the plaintiff agreed to drill a well for defendant in Fallon County. In an action for breach of the agreement to pay, the proper venue was held to be Fallon County even though the contract did not designate that county as the place of performance.

In all of these cases the county of activity, as reflected by the terms of the contract, was deemed the place of performance.

In the instant case the activity is not as tangible as drilling a well, maintaining a neon sign, or locating a dental job. It is an agreement to finance. However, the necessary implication from the agreement is that the activity was to be carried on in Helena. The performance called for by the contract required defendant to manage the financial end of the construction of a home in Helena. Plaintiffs' statement in their affidavit is that payment of bills was to be done in Helena. We are not concerned with where the money is to be kept, whether that be Great Falls, a branch office in Helena, or in the pocket of the defendant's representative. In one Montana case there was an action on a milk purchasing contract and it was held that the proper venue was the county in which the milk was to be sold and not the county in which it was to be produced. McNussen v. Graybeal, 141 Mont. 571, 380 P.2d 575. We think that this aspect of the McNussen case is analogous to the instant case.

It has been held:

" '* * * Inasmuch as the contract specified no place of performance it was performable in the county in which the circumstances attendant upon the execution of the writing indicate that the parties intended as a theater of its performance.' " Swartz v. California Olive Growers' Packing Corp., 56 Cal.App. 2d 168, 133 P.2d 20, 22, quoted with approval in Hardenburgh v. Hardenburgh, 115 Mont. 469, 481, 146 P.2d 151.

After loaning the money to plaintiffs the defendant required that it be assigned back, for them to manage and disburse. The theater of performance, by necessary implication of what the parties intended as evidenced by the terms of the contract, is Helena.

The allegations and statements in the complaint and plaintiffs' counter-affidavit support our view here, and the general affidavit of defendant does not convince us otherwise. All that the affidavit states is that the affiant is an officer of defendant, the principal place of business of defendant is in Great Falls, service was made in Great Falls, and that the alleged acts occurred, if at all, in Great Falls. See Courtney v. Gordon, 74 Mont. 408, 413, 241 P. 233.

The complaint states that the home is to be built in Helena, and the plaintiffs' affidavit states that the contract was entered into and executed in Helena, the bills were to be paid there, and the particulars of performance are itemized and stated to be required to be done in Helena. Such factors, uncontradicted by defendant, are to be taken as true. Fraser v. Clark, 128 Mont. 160, 172, 273 P.2d 105. We are of the opinion that the plaintiffs have shown sufficiently that the necessary implication is that the contract is to be performed in Helena and, therefore, Lewis and Clark County is the proper place for trial.

The next point raised by this appeal concerns the place where the alleged negligence took place. Section 93-2904 provides for a tort exception, as well as a performance of contract exception, to the general rule that the action is to be

156

brought in the county of the defendant's residence. The alleged negligence involves payment by the defendant to the contractor Seely without first securing lien waivers from Seely, and the failure to protect plaintiffs' rights, to pay bills, or disburse funds with care. Those parts of the affidavit of defendant dealing with service, residence, and principal place of business are of no value in proving the place of performance; likewise they tend to prove nothing as regards the negligence complained of. The affidavit states, in connection with the negligent acts, that such acts were done, if at all, in Great Falls. However, plaintiffs have contradicted this statement by their affidavit, which enumerates the particular acts as having been done primarily in Helena. Since the facts of the affidavit are contradicted, they cannot be taken as true within the rule of the Fraser case, supra. Therefore, this issue was placed in the discretion of the district judge, who resolved the conflict in favor of the plaintiffs in denying the motion for change of venue. We will not disturb the exercise of discretion in the absence of clear evidence of abuse thereof. It has been held by this court that on a motion for change of venue for convenience of witnesses if the evidence is about evenly balanced, it is not an abuse of discretion for the trial judge to go one way and deny the motion. Westergard v. Westergard, 108 Mont. 54, 55, 88 P. 2d 5; see also, McGraff v. McGillvray, 135 Mont. 256, 339 P.2d 478, 342 P.2d 736.

While we may not know where the tort was committed we do know that the defendant has not sustained the burden of proof necessary to overturn the prima facie case of proper venue.

A finance company which extends itself to contract in several different counties in this state cannot be said to be contracting to perform at its principal place of business. If a savings and loan association serves as financial shadow behind a home builder, it is reasonable to hold that the place of perform-

ance is where the home is built and the negligence in the management of the financing, if any, is committed there also.

In view of our holding that Lewis and Clark County has been shown to be the proper county for trial we will not go into the issue presented by plaintiffs as to whether the defendant, in furnishing the contract form, should have protected itself from improvident venue by including a place of performance or other clause in the contract.

The order is affirmed.

MR. JUSTICES CASTLES, JOHN CONWAY HARRISON, DOYLE and ADAIR concur.