ARTHUR J. RAPP, d/b/a RAPP AGENCY, Plaintiff and Respondent v. DORA E. GRAHAM, Defendant and Appellant.

No. 10857.

Submitted March 10, 1965. Decided April 30, 1965.

401 P.2d 579.

372

Robert J. Boyd, Boyd & Radonich, John Radonich (argued), Anaconda, Daniels & Taylor, Deer Lodge, for appellant.

Tipp & Hoven, Raymond P. Tipp, Vernon Hoven (argued), Missoula, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order of the district court of the fourth judicial district denying defendant's motion for change of place of trial from Missoula to Granite County.

The complaint was brought by plaintiff, a realtor with offices in Missoula against defendant for a commission for the sale of real estate. The complaint alleged that plaintiff was a realtor; that plaintiff obtained a buyer for defendant's property, consummated the sale, and "That the defendant agreed to pay plaintiff as and for his services an agreed fee representing ten per cent (10%) of the purchase price * * *."

Service of the summons was made on defendant in Drummond, Montana. An attached exhibit to the complaint shows the property involved in the sale transaction to be in Drummond, Granite County. The sheriff's return shows that defendant is a resident of Granite County.

Motion for change of venue was made under R. C. M. 1947, § 93-2904. That section, so far as pertinent here, provides that "the action shall be tried in the county in which the defendants * * * may reside at the commencement of the action * * *."

Clearly, here, the residence of the defendant is the proper venue and the order should have so stated.

We have quoted above the only right of action plead, that is, on a contract or agreement to pay a commission. So far

as appears, since the agreement itself is not plead nor attached as an exhibit, no provisions to consider the venue matter otherwise than on the residence of the defendant appears.

Section 93-2904 provides as to contracts that "Actions upon contracts may be tried in the county in which the contract was to be performed * * *." Numerous cases have been before this court on venue concerning contract actions, but they simply are not pertinent here because the contract is not pleaded other than the simple reference above.

Exhibit A attached to the complaint is the sales agreement between the defendant as seller and two parties as buyers. That agreement provides specifically that defendant agrees to pay to plaintiff a commission *as agreed on separate contract and listing.* Such separate contract and listing has never appeared in the case, and thus the district judge was never called upon to inquire further on a motion for change of venue than as to the residence of defendant.

If, indeed, the agreement sued upon does satisfy the statute of frauds and does specifically provide for place of performance or does provide for venue, only the plaintiff would be able to so show the court. The burden of proof was on him to meet the motion for change of venue when the defendant showed residence to be in Granite County.

As said in McNussen v. Graybeal, 141 Mont. 571, 581, 380 P.2d 575, citing Hardenburgh v. Hardenburgh, 115 Mont. 469, 477, 146 P.2d 151, to maintain suit in another county than that of defendant's residence plaintiff *must clearly show the facts relied on to bring the case within one of the exceptions to the rule and the contract must state so clearly that it is to be performed in another county than that of defendant's residence that no other fair construction can be placed upon it,* and that statutory provisions creating exceptions to the general rule recognizing a defendant's privilege to be sued in his own county will not be given a strained or doubt-

ful construction. The agreement must be clear; a mere. direction by the seller as to the place of payment is not sufficient, nor can a promise to remit to cover the purchase price be sued upon by the seller in the county of the point to which the remittance is to be made.

Thus, we conclude that the plaintiff here simply has not shown facts relied upon to bring the case within one of the exceptions to the rule of residence.

Accordingly, the order appealed from is reversed and the cause remanded for transfer to Granite County.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, ADAIR and DOYLE concur.