314

KENNETH PUTRO, Plaintiff and Appellant v. MANNIX
ELECTRIC, INC., a Montana Corporation and EUGENE
EDDY BAKER, Defendants and Respondents.
No. 10996.
Submitted February 9, 1966. Decided March 14, 1966.
Rehearing denied April 7, 1966.
411 P.2d 410.

DeKalb, Mondale & Johnson, Lewistown, Robert L. Johnson (argued), Lewistown, for appellant.

Small & Cummins, Helena, Floyd O. Small (argued), Helena, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order granting a change of place of trial from Dawson County to Judith Basin County. The motion for change of place of trial was made by both defendants.

A collision on December 19, 1961, occurred in Judith Basin County. A car operated by plaintiff collided with a truck owned by defendant, Mannix Electric, Inc., and operated by its employee, defendant Baker.

In the same collision in Judith Basin County, two passengers in plaintiff's auto were injured and killed. Two separate actions for their deaths were filed in Gallatin County, which County is the principal place of business of defendant, Mannix Electric.

In the same collision, Judith Putro, a third passenger in

plaintiff's auto, received injuries and filed suit in Cascade County. Also in Cascade County an action was filed by one Joe LaTray, grandfather and adoptive parent of Kenneth and Judith Putro, for loss of services. This action arose from the same collision.

Thus, we have five separate actions arising from a single collision in Judith Basin County, about two miles from Stanford, the county seat. The defendants are the same in all five cases. The plaintiffs are in each case represented by the same law firm, DeKalb, Mondale and Johnson of Lewistown, Montana. The five actions are filed in four widely separated counties, Dawson, Gallatin, Cascade and Judith Basin.

As we have seen above, Judith Putro filed her action in Cascade County. When it was filed, on May 10, 1963, defendant Baker was living and working in Great Falls in Cascade County and was served therein. Defendants moved for change of place of trial and were denied because of the residence of defendant Baker.

Subsequently, the instant case by plaintiff, Kenneth Putro, was filed in Dawson County. By this time, December 17, 1964, defendant Baker had ceased working and living in Great Falls and returned to the home of his parents in Dawson County. Defendants moved for a change of venue under R.C.M.1947, § 93-2904, to the place where the tort occurred. In the motion, it was also pointed out that by reason of the companion case having been filed in Judith Basin County, the county of the tort, convenience would also dictate such a change.

This motion was denied because by then defendant Baker was a resident of Dawson County.

Thereafter, defendants filed their answer, and at the same time filed another motion for change of venue to Judith Basin County. The sole ground was for *convenience of witnesses and the furtherance of justice*. Objections to the motion were filed and the matter was heard by the district court. That court granted the motion on the sole ground of convenience of the

witnesses and in the interest of justice, and the cause was ordered transferred to Judith Basin County, the scene of the tort.

The specifications of error are two in number. The first is that the district court abused its discretion because the affidavits upon which the motion was based did not prima facie establish the convenience of witnesses and the promotion of the ends of justice.

The second error charged is that the district court abused its discretion in granting the second motion, after having denied the first, without any change of circumstances having been shown.

We shall discuss the second alleged error first. R.C.M. 1947, § 93-2904, provides generally for place of trial at residence of defendant or as to a tort where tort was committed. This court has held the provisions of section 93-2904 to be permissive. Brown v. First Federal Savings & Loan Assn., 144 Mont. 149, 394 P.2d 1017.

R.C.M.1947, § 93-2906, subd. 3, provides:

"The court or judge must, on motion, change the place of trial in the following cases: * * *

"3. When the convenience of witnesses and the ends of justice would be promoted by the change."

This court has held that under subd. 3 of section 93-2906, any action by the court in determining a motion on that ground is premature until defendant has answered. (McNeill v. McNeill, 122 Mont. 413, 205 P.2d 510, and cases cited therein.) Therefore, as we have heretofore stated the sole basis for the court's denial of the first motion for change was, as it had to be by law, on the sole ground of residence of one of the defendants.

It was not until the second motion, after answer and issue was joined, that the court could properly exercise its discretion under subd. (3) of section 93-2906 on the grounds of convenience of witnesses and to promote justice. Therefore, there is no merit to the second alleged error.

318

■ We return then to the first ground. A motion based upon the grounds of convenience of witnesses and furtherance of justice is addressed to the sound discretion of the court. This has been repeatedly recognized in Montana. The rule is further put that a ruling of the court will not be disturbed on appeal except for a clear abuse of this discretion. (Kroehnke v. Gold Creek Mining Co., 100 Mont. 571, 51 P.2d 640, and see generally 74 A.L.R.2d 31.) In a more recent case, Brown v. First Federal Savings & Loan Assn., supra, this court put it this way, "We will not disturb the exercise of discretion in the absence of clear evidence of abuse thereof. It has been held by this court that on a motion for change of venue for convenience of witnesses if the evidence is about evenly balanced, it is not an abuse of discretion for the trial judge to go one way and deny the motion. Westergard v. Westergard, 108 Mont. 54, 55, 88 P.2d 5; see also, McGraff v. McGillvray, 135 Mont. 256, 339 P.2d 478, 342 P.2d 736."

Appellant, however, cites Dawson v. Dawson, 92 Mont. 46, 10 P.2d 381, for the proposition that the affidavit upon which the motion was made was insufficient to establish *prima facie* that the convenience of witnesses and the promotion of the ends of justice would be served.

In the Dawson case this court said:

" 'The plaintiff, within the limitations of the statutes, may select any county he chooses for the trial of his action, and to this choice the defendant must conform unless he seasonably moves for a change of place of trial. The word "moves," as here employed, comprehends the things necessary to be done by the litigant to obtain an order of court directing the change. A defendant may waive his right to the privilege of the change by omitting to demand the right or by failing to observe the statutory requirements. * * *' [O'Hanion v. Great Northern Ry. Co., 76 Mont. 128, 245 P. 518.]

"As noted, by the provisions of section 9098 of our Codes, [R.C.M.1921, now R.C.M.1947, § 93-2906] a change of place

of trial must be by the court ordered 'when the convenience of witnesses and the ends of justice would be promoted by the change.' The provisions of this section are mandatory, and require the district court to change the venue, but only after a motion has been made and a sufficient showing made by the defendant. The court cannot act of its own motion, for, while a party may have an absolute right to a change of venue, it is a right which he may waive, and the court is without authority to invoke the statute in his behalf. State ex rel. Gnose v. District Court, 30 Mont. 188, 75 P. 1109; State ex rel. Sell v. District Court, 52 Mont. 457, 158 P. 1018; Danielson v. Danielson, [62 Mont. 83, 203 P. 506]; O'Hanion v. Great Northern Ry. Co., [76 Mont. 128, 245 P. 518]. And the power of the courts to grant changes of venue is limited to the exercise of a judicial discretion for good cause shown, which must consist of a statement of the facts, rather than the mere conclusions or opinions of the parties making affidavits in support of motions for a change of place of trial. Kennon v. Gilmer, 5 Mont. 257, 5 P. 847, 51 Am.Rep. 45; Territory v. Manton, 8 Mont. 95, 19 P. 387. The affidavits by a party filed in support of a motion for a change of venue on the ground of the convenience of witnesses should contain the names of the witnesses and the testimony expected from each, as well as the reasons why it is inconvenient for them to attend the trial at the place where the action is pending. 25 Cal.Jur. p. 905.

"In order to show the materiality of the testimony to be given by the witnesses, the affidavit should set forth that which it is expected to prove by each of them so that the court may determine its competency and materiality. The affidavit must show the cause by a statement of the facts, and the court must arrive at a conclusion from the facts stated, and not from the conclusions of a witness. Kennon v. Gilmer, supra; State v. Spotted Hawk, 22 Mont. 33, 55 P. 1026; Cook v. Pendergast, supra [61 Cal. 72]. The affidavit must show that the witnesses are material and necessary to support the contention of the moving party, and in order to make such showing a statement

should be made as to the testimony expected to be proved by each of them, so that the trial judge may be in position to make determination as to whether the convenience of witnesses and the ends of justice will be promoted by such change. Ennis-Brown Co. v. Long, 7 Cal.App. 313, 94 P. 250."

■ And, of course, "On a motion of this kind the moving party must stand upon the strength of his showing rather than upon the weakness, if any, of the opposition." Chaffin Construction Co. v. Maleville Bros., 155 Cal.App.2d 660, 664, 318 P.2d 196.

■ We are aware that the affidavit here did not recite the name of any witnesses as such, nor did it state the nature of their testimony. However, even though such neat one, two, three order prescribed by the Dawson case does not appear, yet the affidavit made many other things appear. The "shot gun" filing of five actions in four widely separated counties by one law firm, the possible desire for a view of the accident scene by the jury, the possibility of consolidation of trials, the locations and residences of the parties, the nature of the claims for relief, injuries, death, loss of services, and combinations thereof; and the additional factor, that different than in the Dawson case, a hearing was had. In fact, the order changing venue recites that arguments were heard, briefs filed and the court being full advised granted the motion.

We further distinguish the Dawson case in this respect. The Dawson case held that a motion for change of venue on the ground of convenience of witnesses can be made only after the defendant has answered, which she had not in the Dawson case. We might treat the remainder of the Dawson case opinion as obiter dictum; however, we believe it to be generally good law and to state directory procedures that fit most situations. To the effect that a sufficient showing must be made by a party on a motion for change of venue to move the discretion of the court, the Dawson case is correct, but to limit the holding to specifics in an affidavit, we think the Dawson case to be directory only.

Finding no abuse of discretion by the district court in granting a change of place of trial to the site of the tort under the facts and circumstances here, the order of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE, JOHN CONWAY HARRISON and ADAIR concur.