NO.   93-003

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

ROSEMARY ELLEN BERNETHY,

     Petitioner and Respondent,

  and

TIMOTHY LEE BERNETHY,

     Respondent and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

        Robert L. Jovick, Attorney at Law,
        Livingston, Montana

     For Respondent:

        Kevin T. Sweeney, Sweeney & Healow,
        Billings, Montana

Submitted on Briefs:   April 1, 1993

Decided:   October 5, 1993

Filed:   OCT 05 1993

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Timothy Bernethy appeals from an order of the District Court of the Thirteenth Judicial District in Yellowstone County which denied his second motion to change venue. We affirm.

The sole issue on appeal is whether the District Court erred when it denied Timothy's motion to change venue from Yellowstone County to Park County.

For 15 years, Rosemary and Timothy Bernethy lived with their two children in Gardiner, which is located in Park County. In August 1991, Rosemary separated from her husband and moved to Bozeman to attend Montana State University. She subsequently moved to Billings, which is located in Yellowstone County. Since January 1, 1992, Rosemary has resided continuously in Billings at the same address.

On August 4, 1992, Rosemary filed a petition in the Yellowstone County District Court for dissolution of her marriage and other relief, including the custody and support of her minor children. Rosemary also filed a supporting affidavit in which she asserted that she lived in Billings.

On August 31, 1992, Timothy, who had lived in Park County for the previous 15 years, moved for change of venue to Park County. He asserted that Yellowstone County was not a proper county for the dissolution proceedings because Rosemary had not complied with the residency requirement set forth in § 25-2-118(3), MCA, because she had not lived in Yellowstone County for 90 days preceding the filing of her dissolution petition.

2

On September 10, 1992, Rosemary filed a second affidavit stating that since January 1, 1992, she had lived in Billings continuously. She asserted that she was a registered student at Eastern Montana College, in Billings, and that she had attended classes there from January 1992 through May 1992. Rosemary also filed supporting documents, including her driver's license, a bank statement, and a student loan application which corroborated her testimony that she was a Billings resident.

The District Court relied on Rosemary's affidavits, and on September 22, 1992, the court denied Timothy's motion for change of venue. The court held that pursuant to § 25-2-118(3), MCA, the proper place for trial of this action is Yellowstone County.

While the dissolution proceedings were pending, Timothy learned that Rosemary had commuted between Billings and Bozeman for a six-week period from late May to early July 1992 in order to attend a math class at MSU. Rosemary testified that she stayed in Pray, which is located in Park County, on school nights during the six weeks and that she returned to her home in Billings on the weekends.

Upon discovery of this new information that Rosemary spent a portion of a six-week period away from Billings, Timothy requested the court to reconsider his motion for change of venue. The District Court denied Timothy's second motion for venue change.

The applicable statute in this case is § 25-2-118, MCA, which states:

Residence of defendant. Unless otherwise specified in this part:

(1) except as provided in subsection (3), the proper place of trial for all civil actions is the county in which the defendants or any of them may reside at the commencement of the action:

. . . .

(3) the proper place of trial of an action brought pursuant to Title 40, chapter 4, is the county in which the petitioner has resided during the 90 days preceding the commencement of the action.

On appeal, Timothy asserts that venue should not lie in Yellowstone County because Rosemary was away from Billings for a portion of a six-week period prior to filing her dissolution petition on August 4, 1992. He contends that because she was away, she did not comply with the 90-day residency requirement set forth in § 25-2-118(3), MCA.

Section 1-1-215, MCA, sets forth rules for determining residency in Montana. Section 1-1-215, MCA, provides:

Every person has, in law, a residence. In determining the place of residence the following rules are to be observed:

(1) It is the place where one remains when not called elsewhere for labor or other special or temporary purpose and to which he returns in seasons of repose.

(2) There can only be one residence.

(3) A residence cannot be lost until another is gained.

. . . .

(6) The residence can be changed only by the union of act and intent.

Based on our review of the record, we conclude that Rosemary is a Billings resident and that she resided continuously in Billings at the same address for seven months before filing her dissolution petition on August 4, 1992. The fact that Rosemary commuted from Billings to **Bozeman** and Pray during the school week, and was temporarily away from her home residence of Billings while she completed one six-week math class at MSU, does not mean that Billings was not her residence during this time.

Section 1-1-215(1), MCA, recognizes that an individual, like Rosemary, may have to leave her residence for a temporary purpose, such as commuting a distance to attend school: and this temporary leave does not change the individual's residence. *Lima School District No. 12 v. Simonsen* (1984), 210 Mont. 100, 109, 683 **P.2d** 471, 475-76.

We conclude that the District Court did not err when it denied Timothy's motion to change venue. Because Rosemary was a resident of Yellowstone County for the 90 days preceding the filing of her dissolution petition, venue was proper in Yellowstone County. Section **25-2-118(3),** MCA.

We affirm the decision of the District Court.

_____
Justice

We concur:

_____
Chief Justice

5

John Conway Harrison
_____

William E. Hunt Sr.
_____

Karla M. Gray
_____
Justices



**State of Montana**
**Office of Clerk of the Supreme Court**
**Helena 59620**
**406-444-3858**

ED SMITH
CLERK

October 5, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Robert L. Jovick
Attorney at Law
P.O. Box 1245
Livingston, MT 59047

Kevin T. Sweeney
Sweeney & Healow
1250-15th St. W., Ste. 202
Billings, MT 59102


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy