No. 00-738

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 132

BRIAN J. LOCKHEAD,

Plaintiff and Appellant,

v.

DEBRA J. WEINSTEIN,

Defendant and Respondent.

APPEAL FROM: District Court of the Second Judicial District,

In and for the County of Silver Bow,

The Honorable John W. Whelan, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Geoffrey C. Angel, Angel Law Firm, Bozeman, Montana

Alan F. Blakley, Blakley & Velk, Missoula, Montana

For Respondent:

John R. Gordon, Reep, Spoon & Gordon, P.C., Missoula, Montana

Submitted on Briefs: March 22, 2001
Decided: July 26, 2001

Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Brian J. Lockhead appeals from the order granting Debra J. Weinstein's motion for change of venue issued by the Second Judicial District Court, Silver Bow County. Lockhead contends that the District Court erred when it determined that he was not a resident of Silver Bow County. We reverse.

## BACKGROUND

¶2 On May 16, 2000, Lockhead filed a complaint in the Second Judicial District Court, Silver Bow County, seeking damages from Weinstein due to defamation, negligent and intentional infliction of emotional distress, and malicious prosecution. Lockhead's claims arose out of an altercation between the parties which occurred in Missoula, Montana, and resulted in Lockhead being charged with intimidation and criminal endangerment. A jury subsequently found Lockhead not guilty of either charge. Lockhead alleged in his complaint that he resided in Butte, Montana.

¶3 Weinstein filed a motion for a change of venue alleging that Silver Bow County was not the proper place for trial on Lockhead's complaint because Lockhead was not actually a resident of Silver Bow County. Alternatively, Weinstein argued that the convenience of witnesses and the ends of justice would be promoted by changing the place of trial to Missoula County where the tort allegedly was committed and where most of the witnesses reside. Weinstein's attorney, John R. Gordon, attached an affidavit to the motion in which he stated that he had attempted to determine Lockhead's residence and believed that Lockhead resided in Missoula County. In response, Lockhead filed an affidavit averring that he moved from Missoula to Butte on February 12, 2000. Lockhead also filed a motion to strike Gordon's affidavit.

¶4 The District Court held a hearing on Weinstein's motion for change of venue and Lockhead's motion to strike Gordon's affidavit on August 3, 2000. On August 29, 2000, the court concluded that Lockhead failed to establish that he was a resident of Butte and, thus, granted Weinstein's motion for a change of venue. The court denied Lockhead's motion to strike, stating that it did not consider Gordon's affidavit in granting Weinstein's

motion. Lockhead appeals.

## STANDARD OF REVIEW

¶5 Whether a county is a proper place for trial is a question of law involving the application of the venue statutes to pleaded facts. *Sprinkle v. Burton* (1996), 280 Mont. 358, 361, 935 P.2d 1094, 1096. Accordingly, our review of a district court's grant or denial of a motion for change of venue is plenary; we simply determine whether the court's ruling was legally correct. *Burton*, 280 Mont. at 361, 935 P.2d at 1096.

## DISCUSSION

¶6 Did the District Court err when it determined that Lockhead was not a resident of Silver Bow County?

¶7 The District Court concluded that Lockhead had failed to establish that he resided in Butte and, on that basis, granted Weinstein's motion for change of venue. Lockhead argues that the District Court ruling is incorrect. Lockhead observes that he submitted an affidavit in which he stated that he lived in Butte at the time of filing and that he did not have any intention of moving. He contends that Weinstein offered no evidence to the contrary. Weinstein responds that Lockhead failed to provide any corroborating evidence of his residence such as a physical address, post office address, telephone number, name and address of an employer, welfare or unemployment applications, etc. Weinstein argues that the court was provided with only one uncontroverted fact evidencing Lockhead's residence: a post office box in Missoula. Lockhead replies that Weinstein placed his residence at issue when she moved for a change of venue and failed to provide evidence which controverted his affidavit.

¶8 The court must change the place of trial when the county designated in the complaint is not the proper county. Section 25-2-201(1), MCA. In the instant case, Lockhead brought a tort action against Weinstein, a non-resident defendant, alleging she committed tortious acts in Missoula County. The proper place of trial for a tort action when the defendant is a resident of a state other than Montana is either the county in which the tort was committed or the county in which the plaintiff resides. Section 25-2-122(3), MCA. Therefore, venue would be proper in both Missoula County and the county in which Lockhead resides. When more than one county may be a proper county for trial, an action brought in any such county is brought in a proper county and no motion may be granted to change the

place of trial upon the ground that the action is not brought in the proper county. Section 25-2-115, MCA.

¶9 In determining Lockhead's residence, the following rules, among others, are to be observed: It is the place where a person remains when not called elsewhere for labor or other special or temporary purpose and to which the person returns in seasons of repose. There may only be one residence. Residence can be changed only by the union of act and intent. Section 1-1-215, MCA. Residence will be determined by the status of the parties and pleadings at the time of the complaint or at the time the moving party appears in the action. *See Burton*, 280 Mont. at 363, 935 P.2d at 1097.

¶10 The burden of proof is upon the moving party seeking the change of place of trial. *Clark Fork Paving, Inc. v. Atlas Concrete & Paving* (1978), 178 Mont. 8, 13, 582 P.2d 779, 782. The averments of the complaint will be taken as true in considering a motion for change of venue. *Burton*, 280 Mont. at 364, 935 P.2d at 1097. However, we have also previously determined that district courts may consider affidavits relating to a motion to change venue. *See I.S.C. Distributors, Inc. v. Trevor* (1993), 259 Mont. 460, 464, 856 P.2d 977, 979 (citing *Hopkins v. Scottie Homes, Inc.* (1979), 180 Mont. 498, 501, 591 P.2d 230, 232). When affidavits submitted by one party are uncontradicted, the facts stated therein must be taken as true. *Hopkins*, 180 Mont. at 501, 591 P.2d at 232; *accord State ex rel. Dept. of Health and Environmental Sciences v. Pegasus Gold Corp.* (1995), 270 Mont. 32, 37, 889 P.2d 1197, 1200.

¶11 In his complaint, Lockhead alleged that he was a resident of Butte. Weinstein submitted an affidavit of Ken Martin in which Mr. Martin stated that he had searched homeless shelters, the police department, and the post office for proof of Lockhead's residency in Silver Bow County and found none. Lockhead filed an affidavit in which he stated that he had resided continuously in Butte since February 12, 2000, and had no plans to move.

¶12 We conclude that the District Court erred by shifting the burden of proof on the issue of residency to Lockhead. The court stated that "[Lockhead] has not established that his residence is in Butte, Montana." However, Weinstein bore the burden of proof in support of her motion for change of venue. *See Clark Fork Paving, Inc.*, 178 Mont. at 13, 582 P.2d at 782. Weinstein failed to carry her burden of proving that Lockhead did not reside in Butte at the time he filed his complaint. Weinstein did not submit any proof that Lockhead actually resided elsewhere. The only facts Weinstein submitted on the issue of Lockhead's

residence were contained in Mr. Martin's affidavit, in which he simply stated that he could not find any proof of Lockhead's residence in Silver Bow County. The fact that Mr. Martin could not find proof of Lockhead's residence in Silver Bow County does not refute Lockhead's averments that he resided in Butte at the time he filed his complaint. Therefore, Lockhead's statement that at the time he filed his complaint he resided in Butte and had no intention of moving must be taken as true. *See Hopkins*, 180 Mont. at 501, 591 P.2d at 232; *Burton*, 280 Mont. at 363, 935 P.2d at 1097. The District Court's determination that Lockhead failed to establish residency in Silver Bow County is erroneous.

¶13 Reversed.

/S/ JIM REGNIER

We Concur:

/S/ PATRICIA COTTER

/S/ TERRY N. TRIEWEILER

/S/ JIM RICE

Justice James C. Nelson dissents.

¶14 I respectfully dissent from the Court's opinion in this case. I would affirm the decision of the trial court.

¶15 The majority concludes at ¶ 12 that the District Court erred "by shifting the burden of proof on the issue of residency to Lockhead." I cannot agree.

¶16 First, the majority restates the incompletely-stated rule that appears in *Clark Fork Paving*. In that case this Court stated that "[t]he burden of proof is upon the moving party seeking the change of place of trial" and cited to our decision in *Rapp v. Graham* (1965), 145 Mont. 371, 373, 401 P.2d 579, 581. *See Clark Fork Paving*, 178 Mont. at 13, 582 P.2d at 782.

¶17 I agree that the initial burden, of course, is upon the moving party seeking to change the place of trial. Furthermore, the moving party must disclose facts that entitle him or her to the change of venue, rather than offer mere conclusions or opinions. *See Courtney v. Gordon* (1925), 74 Mont. 408, 413, 241 P. 233, 234; *Dawson v. Dawson* (1932), 92 Mont. 46, 52, 10 P.2d 381, 383 (parties making affidavits in support of motions for a change of place of trial must provide court with a "statement of facts" rather than mere conclusions or opinions) (citations omitted).

¶18 However, what this Court actually declared in *Rapp* was that the "burden of proof" was on the non-moving plaintiff in that case to "meet the motion for change of venue" once the defendant-movant had sufficiently shown his residence to be in Granite County. *See Rapp*, 145 Mont. at 373, 401 P.2d at 581. The venue rule at issue there was whether the plaintiff could bring the action in Missoula County which was, allegedly, the place of performance of a contract. This Court reversed, concluding that the contract submitted by the plaintiff was insufficient to establish place of performance, and therefore the county in which the defendant resided controlled, and the defendant's motion should have been granted. *See Rapp*, 145 Mont. at 373-74, 401 P.2d at 581.

¶19 Next, another critical rule has not been fully set forth by the majority. This Court indeed follows the rule that when facts set forth in pleadings or affidavits with respect to determining proper venue are *uncontradicted*, these statements of facts must be taken as true. *See Hopkins v. Scottie Homes, Inc.* (1979), 180 Mont. 498, 501, 591 P.2d 230, 232 (citing *Fraser v. Clark* (1954), 128 Mont. 160, 172-73, 273 P.2d 105, 112). Thus, with uncontroverted facts before a court--provided in either the pleadings or by affidavit--the decision to either grant or deny a motion for change of venue ordinarily is a question of law involving the application of the venue statutes. *See Sprinkle v. Burton* (1996), 280 Mont. 358, 361, 935 P.2d 1094, 1096; *Minervino v. University of Montana* (1993), 258 Mont. 493, 497, 853 P.2d 1242, 1245 (venue is not a question of fact; it is a question of law involving the application of venue statutes to pleaded facts).

¶20 The majority fails, however, to mention that this Court has also declared that where the facts contained in opposing pleadings and affidavits *are* contradicted, they cannot be taken as true within the rule of *Fraser*. *See, e.g., Brown v. First Federal Sav. & Loan Ass'n of Great Falls* (1964), 144 Mont. 149, 155-56, 394 P.2d 1017, 1020-21. In *Brown*, because the material facts for the determination of venue were contradicted in competing affidavits--regarding the place where the tort was committed--we concluded that "this issue was placed in the discretion of the district judge, who resolved the conflict in favor

of the plaintiffs in denying the motion for change of venue." *Brown*, 144 Mont. at 156, 394 P.2d at 1021. We stated that we would not disturb the exercise of discretion "in the absence of clear evidence of abuse thereof." *Brown*, 144 Mont. at 156, 394 P.2d at 1021.

¶21 In other words, in circumstances such as those at issue here where a factual dispute exists, a court must exercise its discretion in ascertaining which party's assertion of facts carries the most weight. *See also Schutz Foss Architects v. Campbell* (1990), 243 Mont. 194, 198-99, 793 P.2d 821, 824 (holding that the district court did not *abuse its discretion* in denying motion for change of venue where place of contract performance was disputed by parties); *Deimler v. Ostler* (1979), 183 Mont. 480, 482-83, 600 P.2d 814, 815-16 (no *abuse of discretion* where undisputed facts supported the trial court's determination that by necessary implication the parties intended Cascade County to be the place of performance for purposes of venue).

¶22 In light of the foregoing, Weinstein, as the moving party bearing the initial burden, set forth the following as facts indicating that Lockhead did not actually reside in Butte as claimed in his complaint: 1) Lockhead originally filed a similar complaint against Weinstein in federal court in December of 1998, and averred that he at that time was a resident of Missoula County. That matter was dismissed with and without prejudice by the federal district court on April 17, 2000; 2) Lockhead served a three-day jail sentence in Missoula County Detention Facility commencing on Tuesday, April 18, 2000, just 26 days prior to his filing the complaint in this matter; 3) at the time his complaint was filed, Lockhead had a post office box in Missoula; 4) an investigation revealed that there was no record of Lockhead having a postal address or post office box in Butte, and that there was no record of mail being forwarded from his Missoula post office box; and 5) an investigation revealed that there was no record of his residing in Butte based on information obtained from homeless shelters and the police department--in light of his claim that he was homeless and his criminal record in Missoula County.

¶23 In this regard, I disagree with the majority's statement, at ¶ 12, that it was Weinstein's obligation to prove *where* Lockhead lived. In his case, who knows? The majority's statement of the law requires the movant to affirmatively prove the location of the residence of a person who, apparently, has no residence. I cannot agree that this is what the law requires. Lockhead could have as easily alleged he resided in Kalispell; in Billings; in Cut Bank; or in Williston. Instead, it was only Weinstein's burden to show that in all likelihood Lockhead did not reside in Butte as claimed for the purpose of determining the proper venue for this action. Her assertions clearly contradicted

Lockhead's May 16, 2000 complaint that he is "an individual resident of Butte-Silver Bow County, Montana" and that venue is proper because "Weinstein no longer lives in Montana and Lockhead lives in Butte-Silver Bow County." Despite the fact that she was faced with proving a negative, Weinstein met her burden of proof. And, that was all she was required to do. Thus, the burden shifted to Lockhead, like the plaintiff in *Rapp*, to "meet the motion for change of venue," which was the focus of the District Court's order granting Weinstein's motion for change of venue.

¶24 As the majority acknowledge in ¶ 11, Lockhead merely alleged, generally, in his complaint that he was a resident of Butte and stated, again generally, in his affidavit in response to Weinstein's motion that he was a resident of Butte. For the most part, therefore, Lockhead's general assertions of residency cannot be taken as true, contrary to the majority's view. In this instance, this Court should abide by a rule that is absent from the majority's analysis: when determining residency, more weight or importance will be given to a person's acts than to his declarations, and when they are inconsistent, the acts will control. *See Veseth v. Veseth* (1966), 147 Mont. 169, 173, 410 P.2d 930, 932 (citations omitted). Additionally, this Court has often recognized that, pursuant to § 1-1-215, MCA (which is cited by the majority), an individual may be required to leave his or her residence for a temporary purpose, which does not change the individual's residence. *See In re Marriage of Bernethy* (1993), 260 Mont. 402, 404-405, 860 P.2d 157, 159 (no change of residency due to six-week absence while attending math class); *Lima School Dist. No. 12 v. Simonsen* (1984), 210 Mont. 100, 109, 683 P.2d 471, 476 (no change of residency due to seasonal absence for "pressing needs" of earning income).

¶25 Given the opportunity at the change of venue hearing to irrefutably contradict Weinstein's factual assertions, counsel for Lockhead offered few additional facts that would reveal the acts associated with his assuming residency in Butte. Lockhead, through his counsel, declared that he has a post office box in Butte. No actual number was ever presented to the court. In his affidavit, he asserted that he met a person--who remained unnamed--in Missoula who had an "old apartment in Butte that was vacant." Lockhead averred: "Since I was homeless I asked if I could live in that vacant apartment." Lockhead's counsel corroborated this declaration at the hearing. No address was provided to the court, however. Further, there was no factual assertion that this living arrangement--if taken as true--was anything more than temporary. For example, Lockhead did not offer an affidavit by the owner of this apartment, corroborating this act of beneficence, or that there was a rental agreement.

¶26 Additionally, Lockhead never provided what ordinarily would be expected in a residency dispute: he never provided a telephone number--the "723" telephone number his counsel talked about at the hearing was not even shown to be Lockhead's. Likewise, he did not offer the name and address of an employer, utility information, welfare or unemployment information, or a job application. In sum, Lockhead never did anything more that allege his residency in a conclusory fashion unsupported by any factual evidence. Apparently, in Lockhead's and the majority's assessment, simply saying one resides in a place is enough to make it so. Unfortunately, however, this rule places an impossible burden on a litigant seeking to change venue.

¶27 I would conclude that when weighed against Lockhead's bald and totally unsubstantiated claims, the record convincingly shows that Weinstein factually demonstrated that Lockhead had *not* established his new alleged residency in Butte. Accordingly, I would hold that the District Court did not abuse its discretion in determining that Lockhead was not a resident of Butte, and in granting Weinstein's motion for a change of venue. Thus, under the venue rules cited by the majority at ¶ 8, the District Court did not err in following the mandate that venue was not proper in Silver Bow County, but, rather, was proper only in Missoula County where the alleged tort was committed.

¶28 I would affirm the trial court's decision. Accordingly, I dissent.

/S/ JAMES C. NELSON

Chief Justice Karla M. Gray and Justice W. William Leaphart join in the foregoing dissent.

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART