JUSTICE NELSON
dissents.
¶14 I respectfully dissent from the Court’s opinion in this case. I would affirm the decision of the trial court.
¶15 The majority concludes at ¶ 12 that the District Court erred “by shifting the burden of proof on the issue of residency to Lockhead.” I cannot agree.
¶16 First, the majority restates the incompletely-stated rule that appears in Clark Fork Paving. In that case this Court stated that “[t]he burden of proof is upon the moving party seeking the change of place of trial” and cited to our decision in Rapp v. Graham (1965), 145 Mont. 371, 373, 401 P.2d 579, 581. See Clark Fork Paving, 178 Mont. at 13, 582 P.2d at 782.
¶17 I agree that the initial burden, of course, is upon the moving party seeking to change the place of trial. Furthermore, the moving party must disclose facts that entitle him or her to the change of venue, rather than offer mere conclusions or opinions. See Courtney v. Gordon (1925), 74 Mont. 408, 413, 241 P. 233, 234; Dawson v. Dawson (1932), 92 Mont. 46, 52, 10 P.2d 381, 383 (parties making affidavits in support of motions for a change of place of trial must provide court with a “statement of facts” rather than mere conclusions or opinions) (citations omitted).
¶18 However, what this Court actually declared in Rapp was that the “burden of proof’was on the non-moving plaintiff in that case to “meet the motion for change of venue” once the defendant-movant had sufficiently shown his residence to be in Granite County. See Rapp, 145 Mont. at 373, 401 P.2d at 581. The venue rule at issue there was whether the plaintiff could bring the action in Missoula County which was, allegedly, the place of performance of a contract. This Court reversed, concluding that the contract submitted by the plaintiff was insufficient to establish place of performance, and therefore the county in which the defendant resided controlled, and the defendant’s motion should have been granted. See Rapp, 145 Mont. at 373-74, 401 P.2d at 581.
¶19 Next, another critical rule has not been fully set forth by the majority. This Court indeed follows the rule that when facts set forth in pleadings or affidavits with respect to determining proper venue are uncontradicted, these statements of facts must be taken as true. See Hopkins v. Scottie Homes, Inc. (1979), 180 Mont. 498, 501, 591 P.2d 230, 232 (citing Fraser v. Clark (1954), 128 Mont. 160, 172-73, 273 P.2d 105, 112). Thus, with uncontroverted facts before a court-provided in either the pleadings or by affidavit-the decision to either grant or deny a motion for change of venue ordinarily is a question of law involving the application of the venue statutes. See Sprinkle v. Burton (1996), *443 280 Mont. 358, 361, 935 P.2d 1094, 1096; Minervino v. University of Montana (1993), 258 Mont. 493, 497, 853 P.2d 1242, 1245 (venue is not a question of fact; it is a question of law involving the application of venue statutes to pleaded facts).
¶20 The majority fails, however, to mention that this Court has also declared that where the facts contained in opposing pleadings and affidavits are contradicted, they cannot be taken as true within the rule of Fraser. See, e.g., Brown v. First Federal Sav. & Loan Ass’n of Great Falls (1964), 144 Mont. 149, 155-56, 394 P.2d 1017, 1020-21. In Brown, because the material facts for the determination of venue were contradicted in competing affidavits-regarding the place where the tort was committed-we concluded that “this issue was placed in the discretion of the district judge, who resolved the conflict in favor of the plaintiffs in denying the motion for change of venue.” Brown, 144 Mont. at 156, 394 P.2d at 1021. We stated that we would not disturb the exercise of discretion “in the absence of clear evidence of abuse thereof.” Brown, 144 Mont. at 156, 394 P.2d at 1021.
¶21 In other words, in circumstances such as those at issue here where a factual dispute exists, a court must exercise its discretion in ascertaining which party’s assertion of facts carries the most weight. See also Schutz Foss Architects v. Campbell (1990), 243 Mont. 194, 198-99, 793 P.2d 821, 824 (holding that the district court did not abuse its discretion in denying motion for change of venue where place of contract performance was disputed by parties); Deimler v. Ostler (1979), 183 Mont. 480, 482-83, 600 P.2d 814, 815-16 (no abuse of discretion where undisputed facts supported the trial court’s determination that by necessary implication the parties intended Cascade County to be the place of performance for purposes of venue).
¶22 In light of the foregoing, Weinstein, as the moving party bearing the initial burden, set forth the following as facts indicating that Lockhead did not actually reside in Butte as claimed in his complaint: 1) Lockhead originally filed a similar complaint against Weinstein in federal court in December of 1998, and averred that he at that time was a resident of Missoula County. That matter was dismissed with and without prejudice by the federal district court on April 17, 2000; 2) Lockhead served a three-day jail sentence in Missoula County Detention Facility commencing on Tuesday, April 18, 2000, just 26 days prior to his filing the complaint in this matter; 3) at the time his complaint was filed, Lockhead had a post office box in Missoula; 4) an investigation revealed that there was no record of Lockhead having a postal address or post office box in Butte, and that there was no record of mail being forwarded from his Missoula post office box; and 5) an investigation revealed that there was no record of his residing in Butte based on information obtained from homeless shelters and the police department-in light of his claim that he was homeless and his criminal record in Missoula County.
*444 ¶23 In this regard, I disagree with the majority’s statement, at ¶ 12, that it was Weinstein’s obligation to prove where Lockhead lived. In his case, who knows? The majority’s statement of the law requires the movant to affirmatively prove the location of the residence of a person who, apparently, has no residence. I cannot agree that this is what the law requires. Lockhead could have as easily alleged he resided in Kalispell; in Billings; in Cut Bank; or in Williston. Instead, it was only Weinstein’s burden to show that in all likelihood Lockhead did not reside in Butte as claimed for the purpose of determining the proper venue for this action. Her assertions clearly contradicted Lockhead’s May 16, 2000 complaint that he is “an individual resident of Butte-Silver Bow County, Montana” and that venue is proper because “Weinstein no longer lives in Montana and Lockhead lives in Butte-Silver Bow County.” Despite the fact that she was faced with proving a negative, Weinstein met her burden of proof. And, that was all she was required to do. Thus, the burden shifted to Lockhead, like the plaintiff in Rapp, to “meet the motion for change of venue,” which was the focus of the District Court’s order granting Weinstein’s motion for change of venue.
¶24 As the majority acknowledge in ¶ 11, Lockhead merely alleged, generally, in his complaint that he was a resident of Butte and stated, again generally, in his affidavit in response to Weinstein’s motion that he was a resident of Butte. For the most part, therefore, Lockhead’s general assertions of residency cannot be taken as true, contrary to the majority’s view. In this instance, this Court should abide by a rule that is absent from the majority’s analysis: when determining residency, more weight or importance will be given to a person’s acts than to his declarations, and when they are inconsistent, the acts will control. See Veseth v. Veseth (1966), 147 Mont. 169, 173, 410 P.2d 930, 932 (citations omitted). Additionally, this Court has often recognized that, pursuant to § 1-1-215, MCA (which is cited by the majority), an individual may be required to leave his or her residence for a temporary purpose, which does not change the individual’s residence. See In re Marriage of Bernethy (1993), 260 Mont. 402, 404-405, 860 P.2d 157, 159 (no change of residency due to six-week absence while attending math class); Lima School Dist. No. 12 v. Simonsen (1984), 210 Mont. 100, 109, 683 P.2d 471, 476 (no change of residency due to seasonal absence for “pressing needs” of earning income).
¶25 Given the opportunity at the change of venue hearing to irrefutably contradict Weinstein’s factual assertions, counsel for Lockhead offered few additional facts that would reveal the acts associated with his assuming residency in Butte. Lockhead, through his counsel, declared that he has a post office box in Butte. No actual number was ever presented to the court. In his affidavit, he asserted that he met a person-who remained unnamed-in Missoula who had an “old apartment in Butte that was vacant.” Lockhead averred: “Since I was homeless I asked if I could live in that vacant apartment.” *445 Lockhead’s counsel corroborated this declaration at the hearing. No address was provided to the court, however. Further, there was no factual assertion that this living arrangement-if taken as true-was anything more than temporary. For example, Lockhead did not offer an affidavit by the owner of this apartment, corroborating this act of beneficence, or that there was a rental agreement.
¶26 Additionally, Lockhead never provided what ordinarily would be expected in a residency dispute: he never provided a telephone number-the “723" telephone number his counsel talked about at the hearing was not even shown to be Lockhead’s. Likewise, he did not offer the name and address of an employer, utility information, welfare or unemployment information, or a job application. In sum, Lockhead never did anything more that allege his residency in a conclusory fashion unsupported by any factual evidence. Apparently, in Lockhead’s and the majority’s assessment, simply saying one resides in a place is enough to make it so. Unfortunately, however, this rule places an impossible burden on a litigant seeking to change venue.
¶27 I would conclude that when weighed against Lockhead’s bald and totally unsubstantiated claims, the record convincingly shows that Weinstein factually demonstrated that Lockhead had not established his new alleged residency in Butte. Accordingly, I would hold that the District Court did not abuse its discretion in determining that Lockhead was not a resident of Butte, and in granting Weinstein’s motion for a change of venue. Thus, under the venue rules cited by the majority at ¶ 8, the District Court did not err in following the mandate that venue was not proper in Silver Bow County, but, rather, was proper only in Missoula County where the alleged tort was committed.
¶28 I would affirm the trial court’s decision. Accordingly, I dissent.
CHIEF JUSTICE GRAY and JUSTICE LEAPHART join in the foregoing dissent.